JABEZ ROBERTS et al. *vs.* WILEY ROGERS, administrator, &c.

An administrator is only bound to interpose the statute of limitations to defeat a recovery, when under the facts which are known to exist, it can avail as a successful defence.

In making payment of claims against an estate, the administrator assumes upon himself the responsibility of showing in a future contest with the distributees, that the debts, though paid under no legal compulsion, were, nevertheless, such as could have been legally enforced against the estate; and he is to be regarded as in no worse position than the creditor was at the time of payment.

The probate court has no jurisdiction over the property of a deceased person, until it is brought into the county, and having no jurisdiction over the property, or power to grant letters of administration, until it is brought within the limits of the county; for the same reasons, it cannot allow a claim for services rendered or expenses incurred on account of property, while it was subject to another jurisdiction.

In ordinary cases, the probate court can and ought to allow a claim for services rendered or expenses incurred, in taking care of property, or rendering essential service for its preservation, before administration could be granted, or a collector appointed.

If the probate court acquired any jurisdiction at all over the subject-matter, it was not from the fact that the domicil or the property of the deceased was situated in Wayne county, or other cause mentioned in the statute; but from the act of the administrator himself, in bringing the property there. *Held*, that the claim of $1,688 filed by the administrator as a charge against the estate for bringing property into this State, should have been disallowed by the probate court.

IN error from the probate court of Wayne county; Hon. Samuel Jones, judge of the probate court of Wayne county.

Assignment of errors.

1. The court below erred in overruling the third and fourth exceptions to the answer of defendant to complainant's bill.

2. The setting aside the *pro confesso,* after the case was referred to a master in chancery before his report thereon, without withdrawing the reference.

3. The court erred in allowing the claim of $1,687 for bringing the property from Texas before administration.

4. The court erred in allowing the administrator credit for the payment of claims barred by the statute of limitations.

5. The court erred in allowing the administrator credit for the payment of claims not properly proven or probated as required by the statute.

6. The court erred in allowing the administrator credit for $235 paid to Michael Rogers, on a receipt for the collection of a note which was barred by the statute of limitations, and without proof of the collection of the money by the deceased.

The material facts of the case upon which the decision of the court was made, are contained in the opinion.

*Glenn*, for appellants.

The appellee, in this case, went to Texas, and brought the property to this State before administration. On administration, the administrator presented an account in his own favor and Rogers for the sum of $2,826, which was allowed for $1,687. The estate was only worth $4,000. The first claim was for $2,826, leaving only a modest balance of $1,174 for the heirs. The conscience of the probate judge could not stand this ; so he only allows the parties within a fraction of one half the estate, for bringing the remaining half within the jurisdiction of his court ; a reward of merit, I suppose. This is the coolest piece of plunder and robbery which has met my observation in many a long and merry day.

In the first place, the claim was illegally allowed. No one was present when it was allowed. None of the heirs were notified of it. There was no proof made of any such contract with them, nor was any proof made to show that these services were rendered.

In the next place, the claim itself was illegal, and the court was not justified in allowing it. It was a contract to bind the estate, made after the death of decedent, and now sought to be enforced by the administrator for his own benefit.

In the next place, the amount allowed was most enormous, so much so as to shock the mind when mentioned. For this reason the case must be reversed.

On these points, first and second, I cite the court to the fol-

lowing authorities: *Henderson* v. *Illsley*, 11 S. & M. 9; *Glenn* v. *Thistle's Ex.*, 1 Cushm. 53; *Pinson* v. *Williams*, Ib. 68.

*S. A. D. Steele*, on the same side,

Cited and commented on *Satterwhite* v. *Littlefield*, 13 S. & M. 302; 23 Miss. 64; Hutch. Code, 682, § 13.

No counsel for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This was a bill of review filed by the appellants in the probate court of Wayne county, to open the final settlement made by the appellee as administrator of the estate of Henry F. Rogers, deceased.

Among other things, it is alleged, that the administrator paid sundry claims against the estate, which were barred by the statute of limitations. This allegation is met by the answer and proof introduced on the part of the administrator, showing that the intestate left the State about the year 1839 or 1840, and never returned to it again. The counsel of the appellants, however, contend, that while this might have operated to stop the running of the statute, if pleaded against the creditor, it cannot avail the administrator, as he voluntarily paid the debts.

An administrator is only bound to interpose the statute of limitations to defeat a recovery, when under the facts which are known to exist, it can avail as a successful defence. In making voluntary payment he only assumes upon himself the responsibility of showing, in any future contest with the distributees, that the debts, though paid under no legal compulsion, were nevertheless such as could have been legally enforced against the estate. He is to be regarded as in no worse position than the creditor was at the time of payment.

It is next alleged, that the administrator was allowed the sum of $1,688 for expenses incurred and services rendered in bringing the property of the estate, amounting to about $4,000, from the State of Texas to Wayne county, prior to the grant of letters of administration on the estate; and that such charge is not only unreasonable, but is wholly unsustained by any legal principle.

We deem it unnecessary to make any comment upon the evidence introduced to sustain this charge, as it is clear that under no rule of law can it be sustained against the estate. While there was no evidence introduced with a view of showing the domicil of the intestate at the time of his death, yet it is manifest from all the proof that his domicil was not in Wayne county, but most probably in the State of Texas, where he died. Administration should therefore have been granted in that State, by the proper court, and the property administered there, and finally distributed, or otherwise disposed of according to the law of the intestate's domicil. The probate court of Wayne county certainly acquired no jurisdiction over the property until it was brought into that county; and having no jurisdiction over the property, or power to grant letters of administration, until it was brought within the limits of the county, the court could not for the same reason allow a claim for services rendered, or expenses incurred on account of the property, while it was subject to another jurisdiction.

It may be true that in ordinary cases the probate court could and ought to allow a claim for taking care of property, or rendering essential services for its preservation, before letters of administration could be granted, or a collector could be appointed. But whatever the rule may be in such cases, it is clear that it can have no application to the present case. The probate court of Wayne county, if it acquired any jurisdiction at all over the subject-matter, did not acquire it from the fact of the domicil, or property of the deceased being situate in that county, or other cause mentioned in the statute, but from the act of the administrator himself. Until he brought the property into Wayne county, there was nothing to administer on or to give the court jurisdiction in appointing an administrator.

It is not our intention to decide any thing as to the proper exercise of the jurisdiction of the probate court in this case. The appellee appears to have been appointed on his own motion, and to have made and returned an inventory, and undertaken to account for the property through the action of the probate court. He ought not, therefore, to be permitted to go out of the record, which he himself has caused to be made, to

show the invalidity of his appointment.   The record not show-
ing his appointment void, it will be treated as conclusive, so far
as he is concerned, and estop him from denying or controvert-
ing the jurisdiction of the court.

The item of $1,688 ought to be disallowed.   If, as is con-
tended, the administrator made a contract with the heirs before
his appointment to bring the property from Texas, he must rely
on his contract for compensation, and enforce it in the court
having jurisdiction of such matters.   It is not a claim either
against the deceased, or growing out of the administration of
the property, and cannot, therefore, be entertained by the pro-
bate court.

Decree reversed, and cause remanded.