## WYNN MULLINS et al. *v.* JOHN B. SPARKS, Admr.

1. PROCESS—SERVICE OF.—The return of the sheriff on original process on a defendant in chancery in these words: "T. F. Gullett—he not being at home, I left with his wife a copy of this writ," etc., is insufficient, because it does not show that the defendant could not be found. Foster v. Simmons, 40 Miss. R., 586, in its application to this point, cited and approved.

2. SAME—AS RESPECTS INFANTS.—A return of service on each of several infant defendants "by reading the subpœna to them and handing each of them a copy," is good as far as it goes, but incomplete, because there was not a like service on the father, mother or guardian, if in the state. This is indispensable under the Revised Code of 1857, p. 489, art. 63, to notify those in the nearest and most responsible relations to the infant.

3. VENDOR'S LIEN—PARTIES—PRACTICE.—In proceedings in equity by a vendor to subject to his lien for the purchase money for the land sold by him, and which had been re-sold by his vendee, not only the heirs of a deceased sub-vendee, but his legal representatives, and the original vendee, should all be made defendants, so that there may be a personal decree against the original debtor, and because the heirs of the sub-vendee have a right to require that the personal assets of his estate shall be applied to exonerate the land.

Error to the chancery court of Lee county. LOVERING, J.

The plaintiffs in error assign the following causes of error:

1st. Want of proper service of subpœna on T. F. Gullett.

2d. Want of service of process on Nancy E. McWilliam, B. F. McWilliam, Nebraska McWilliam, Indiana McWilliam, Laura McWilliam, and Lenora McWilliam, minors.

3d. The court erred in appointing a guardian *ad litem*, without service.

4th. The court erred in rendering final decree against the minors without proof.

5th. The court erred in rendering decree *pro confesso*, and

final decree against T. F. Gullett, without proper service of subpœna.

*J. A. Green*, for plaintiff in error.

As to the service of T. F. Gullett we refer the court to the Rev. Code, 489, art. 64; Foster v. Simmons, 40 Miss., 585. The return of the sheriff is that he left the subpœna with his, plaintiff's wife—he not being at home. It does not show he could "not be found." The process should have been served on the father, mother or guardian of the minors, if they had any. If none, then the return should show the fact. Rev. Code, 548, art. 52; Ingersoll v. Ingersoll. [Not reported.]

That one defendant may take advantage of want of service of his co-defendant, we refer the court to Power et al. v. Gartman et al., 29 Miss., 133.

No Counsel for defendant in error.

SIMRALL, J.:

John B. Sparks, executor, etc., exhibited his bill in the chancery court of Lee county, against the plaintiffs in error, defendants below, to enforce and foreclose a lien on certain parcels of land sold and conveyed on the 24th day of December, A. D. 1859, to one Wynn Mullins, who immediately went into possession. The bill alleges that some short time afterwards said Wynn Mullins sold and conveyed the land to James R. McWilliam. That said McWilliam after his purchase, and whilst in possession, departed this life, leaving surviving him the following children his heirs at law, viz: M. J. Gullett, wife of T. F. Gullett, Mary Brinkley, wife of John A. Brinkley, Hulda L. McWilliam, Jas. C. McWilliam, and the following children, infants, to-wit: Nancy E. McWilliam, B. F. McWilliam, Indiana McWilliam, Nebraska McWilliam, Laura McWilliam, and Lenora McWilliam, all residents of Lee county, and defendants in the court below.

Final decree was made subjecting the land to payment of so much of the purchase money as upon account taken, appeared to be due, from Wynn Mullins to complainant as executor, etc. From this decree a writ of error has been prosecuted. It is assigned for error:

1st. Want of proper service on T. F. Gullett.

The service was as follows : " T. F. Gullett, he not being at home, I left with his wife a copy of this writ," etc. In the case of Foster v. Simmons, 40 Miss. Rep., 586, the service was precisely like this, and was declared to be insufficient. Several cases have been decided at this term, to the same effect. The sheriff is not permitted to make a constructive service by leaving a copy at defendant's residence, unless he shows a state of fact which authorized it, to-wit : That the defendant could not be found.

The second error complained of, " Is insufficient service on the ' minors.' " The mode of service on a minor is prescribed. " On the infant personally, and on his father, mother, or guardian, if any he have in this state." Rev. Code, art. 63, p. 489. In this case the sheriff returns that "he served the defendants, including the minors (except T. F. Gullett), by reading the subpœna to them, and handing to each of them a copy." This service is good as far it goes, but is incomplete. There should have been a like service on the father, mother, or guardian, if in this state—nor is this meant for idle form. The object is to notify those in the nearest and most responsible relations to the infant, so that they may protect and defend his or her interest in the suit. The officer must report to the court that there is neither father, mother, or guardian, in order to give validity to a service on the minor alone. Ingersoll v. Ingersoll, MS. Op.

We think that Wynn Mullins, the original vendee, and the legal representatives of James R. McWilliam, the father of the plaintiff in error, are necessary parties. Mullins is the debtor of the complainant below, against whom a personal decree might be made. The legal representative of McWilliam, if there be one, is a necessary party, because the heirs have a right, that the personal assets shall be applied to the exoneration of the lien on the land. Let the decree be reversed for further proceedings, to be had in accordance with this opinion.  *Decree Reversed.*