MARY A. ROWE v. ABNER BEERS.

ESTOPPEL BY DECREE.  *Res inter alios acta.*  *Ejectment.*

 A purchaser under a chancery decree foreclosing a vendor's express lien
 cannot maintain ejectment against the husband of the deceased widow
 of a subvendee, who was not a party to the decree.

APPEAL from the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

In this action of ejectment by the appellant against the appellee, the source of title was in M. A. Harrison, who conveyed this, with other lands, to John Everett, the vendor of Joseph Morton. The latter paid the purchase-money in full for the part of the land which he bought, and took possession. His widow married the appellee, and died before this suit began. But John Everett did not pay all the purchase-money to M. A. Harrison, who assigned the express lien therefor to T. H. & J. M. Allen & Co. A decree of foreclosure in the Chancery Court was obtained by them against Everett alone, under which they purchased at the commissioner's sale, and then conveyed to the appellant. A jury being waived, the judge decided for the defendant.

*R. Bowman*, for the appellant.

The appellee, whose deceased wife was the widow of Everett's vendee, has by virtue of this relation no title to the land, and cannot complain of the omission from the foreclosure suit of his wife's first husband, even if this was erroneous. *Ricks* v. *Hilliard*, 45 Miss. 359; *Gould* v. *Luckett*, 47 Miss. 96; *Albright* v. *Flowers*, 52 Miss. 246.

*L. Brame*, for the appellee.

If the defendant has no title, this does not avail the appellant, who, as plaintiff in ejectment, must recover upon the strength of his own title. As the subvendee was no party to the foreclosure suit, that decree is void as to his representatives and heirs.

*Hudson & Hudson*, on the same side.

The subvendee was a necessary party to the foreclosure proceeding. *McIlvoy* v. *Alsop*, 45 Miss. 365; *Gould* v. *Luck-*

*ett,* 47 Miss. 96; *Hinds* v. *Pugh,* 48 Miss. 268; 1 Dan. Ch. Prac. 277, 278. Heirs and representatives of the omitted party, who was in actual possession, are unaffected by the decree. *Friley* v. *Hendricks,* 27 Miss. 412; *Mullins* v. *Sparks,* 43 Miss. 129; *Davis* v. *Heard,* 44 Miss. 50. The subvendee was an essential party, in order that he might protect himself in marshalling securities, and in other ways. *Carman* v. *Watson,* 1 How. 333; *Drake* v. *Collins,* 5 How. 253; *Agricultural Bank* v. *Pallen,* 8 S. & M. 357; *Baine* v. *Williams,* 10 S. & M. 113; *Rollins* v. *Thompson,* 13 S. & M. 522; *Dillon* v. *Bennett,* 14 S. & M. 171; *Bibb* v. *Wilson,* 31 Miss. 624; *Keaton* v. *Miller,* 38 Miss. 630.

CAMPBELL, J., delivered the opinion of the court.

The decree for the sale of the land, under which the vendors of the appellant purchased it, was not available as against the vendee of Everett, or his heirs, who were not parties to the suit.                                *Judgment affirmed.*