ALLEN-WEST COMMISSION COMPANY *v.* JACOB F. MILLSTEAD.

[46 South., 256.]

1. JUDGMENT LIEN. *Error in defendant's name. Judgment roll. Constructive notice.*

    A judgment rendered and enrolled against a defendant, designated only by two capital letters preceding his surname, is not constructive notice of a lien on the lands of a person of the same surname, the first of whose initials is the first of the letters used, but whose second initial is a different letter from the second one used, although the plaintiff intended to sue that person.

2. SAME. *Error. Corrected. Bona fide purchaser.*

    A judgment rendered and enrolled, mistakingly naming the defendant, cannot be corrected so as to affect the intervening rights of *bona fide* purchasers.

3. SAME. *Actual possession of land. Notice.*

    Actual possession of land by a *bona fide* purchaser thereof charges all persons concerned with notice of his rights as effectually as would the recordation of his deed.

4. SAME. *Federal court judgment.*

    The rule that a *bona fide* purchaser of land from a judgment debtor, before the judgment against him became effective, takes a good title as against the judgment creditor, is the same whether the judgment were rendered by a federal or a state court.

FROM the chancery court of Monroe county.

Hon. BAXTER McFARLAND, Chancellor.

Millstead, appellee, was complainant in the court below, and the Allen-West Commission Company, appellant, and others were defendants there. From a decree in favor of complainant the Allen-West Commission company appealed to the supreme court.

The appellee, Millstead, obtained an injunction against the Allen-West Commission Company, appellant, and against the United States marshal for the northern district of Mississippi,

to restrain the sale under execution of an undivided one-eleventh interest in certain land in Monroe county, the title to which was claimed by complainant. The appellee's bill claimed title through a deed from Robert A. Rutledge and wife, dated July 15, 1869, and a subsequent deed from Robert A. Rutledge, dated December 12, 1883, to one James M. Rutledge, whereby were conveyed to the grantee the east and west halves, respectively, of the land; James M. Rutledge conveying all of the land to one John W. Rutledge, who, in turn, subsequently conveyed it to appellee. However, anticipating the contention of the appellant that the above mentioned deeds of July 15, 1869, and December 12, 1883, were invalid, the bill further alleged that, if the said conveyances were invalid, then, by the death of the aforesaid Robert A. Rutledge, intestate, in 1887, his son, R. D. Rutledge, as one of his heirs, inherited an undivided one-eleventh undivided interest in the land; that in 1897, R. D. Rutledge and nine other heirs of the aforesaid Robert A. Rutledge sold and conveyed by quit claim deed all of their undivided interests in the land to one John W. Rutledge, who at once went into possession of the land and lived upon it with his mother and sister, the other heirs, until January, 1904, when he conveyed all of his interest to the appellee, Millstead; and that the appellee subsequently by purchase acquired the remaining interests of the mother and sister, and thus became vested with the absolute title in fee to the land. The bill showed that in 1892, in the United States circuit court for the Northern district of Mississippi, at Aberdeen, a judgment was rendered in favor of the Allen-West Commission Company against one R. H. Rutledge, which was promptly enrolled on the judgment roll of Monroe county, and that under the supposed lien of this judgment against R. H. Rutledge the appellant was seeking to hold and subject the interest aforesaid of R. D. Rutledge on the ground that the judgment while on its face against R. H. Rutledge was intended to be rendered against R. D. Rutledge, who, at the time of its enrollment in Monroe county, was un-

divested of his one-eleventh interest in the land. The bill claimed that, under the circumstances, appellant had no right. to have the execution levied as against appellee, and that, although subsequently, in 1900, the judgment was revived and renewed and re-enrolled on the judgment roll of Monroe county against R. D. Rutledge, yet this also gave no right to appellant to proceed against-the land or any interest therein, as appellee, Millstead, and John W. Rutledge, his grantor, each had no notice of the circumstances other than what the judgment roll showed.

*W. H. Clifton,* for appellant.

The rights of the parties must be determined by the facts existing when the judgments were enrolled against R. D. Rutledge; and whether the inquiry be directed to the year 1892 or to the year 1900, the judgments must be held to be a lien upon the interest of R. D. Rutledge in the land. Code 1892, § 2457; *Nugent* v. *Priebatsch,* 61 Miss., 402.

It was a harmless mistake on the marshal's part in returning the writ of summons with endorsement thereon of service upon R. H. Rutledge instead of R. D. Rutledge. *Semmes* v. *Patterson,* 65 Miss., 6, 3 South., 35. R. D. Rutledge was actually served with the process, for the proof shows that there was no R. H. Rutledge except a little child four years of age. The error in the middle initial of the name, under the circumstances, did not affect the lien of the judgment. *Healy* v. *Just,* 53 Miss., 547; *Street* v. *Smith,* 85 Miss., 259, 37 South., 837.

The judgment lien was acquired on the land in 1892 when the judgment was enrolled in Monroe county, and this lien was kept alive by the suit in the United States circuit court to revive the judgment, in 1900. Code 1892, §§ 756, 2743, 2750; *Buckner* v. *Pipes,* 56 Miss., 366; *Hall* v. *Green,* 60 Miss., 47. In any case the appellant acquired a lien by the judgment in 1900. It will be noted that this revived judgment was enrolled in Monroe county in 1900, while the deed of R. D. Rutledge

and other heirs to John W. Rutledge was not recorded until 1902. Code 1892, § 2457; *Humphries* v. *Merrill,* 52 Miss., 92; *Hignite* v. *Hignite,* 65 Miss., 449, 4 South., 345; *Alsobrook* v. *Eggleston,* 69 Miss., 836, 13 South., 850; *Bentley* v. *Callaghan,* 79 Miss., 304, 30 South., 709.

*Leftwich & Tubb,* for appellee.

Neither of the judgments rendered in the United States circuit court is a valid judgment against R. D. Rutlege, for the process was for R. H. Rutledge, as defendant, and the judgment as originally rendered was written against R. H. Rutledge. The subsequent reviving of the judgment does not affect the situation, for it must be kept in mind that the rights of innocent third persons have become involved. 23 Cyc., 854; *Davis* v. *Steeps,* 87 Wis., 472, 23 L. R. A., 818, 41 Am. St. Rep., 51; Code 1892, § 756; Black on Judgments, §§ 405, 406; *Railway Co.* v. *Bolding,* 69 Miss., 255, 13 South., 844.

But even if the second judgment, rendered in 1900, were valid, its rendition and enrollment did not affect appellee for the reason that appellee's grantor, John W. Rutledge, was, at the time mentioned, in actual possession of the land. A deed made by a debtor, though unrecorded, takes precedence of a judgment lien against the grantor if before recovery of the judgment the creditor has actual notice of the conveyance. *Duke* v. *Clark,* 58 Miss., 465; Devlin on Deeds, §§ 760, 777.

MAYES, J., delivered the opinion of the court.

We do not deem it necessary to decide whether the deed from R. A. Rutledge and his wife, Eliza J. Rutledge, of date July 15, 1869, conveying to J. M. Rutledge the east half of the property in question, was or was not valid. Equally unimportant, in our view of the case, is the question of whether or not the deed of December 12, 1883, made by R. A. Rutledge to J. M. Rutledge of the west half of the property, was a valid deed, and it may be conceded that at the death of R. A. Rutledge,

he owned in fee simple all the property in question. When all this is conceded, it then follows that in 1887 R. A. Rutledge died intestate, leaving as his heirs Eliza J. Rutledge, his wife, ·and ten children, one of whom was R. *D.* Rutledge. On August 24, 1897, R. *D.* Rutledge and nine of the children quit-·claimed all their interest in the land in controversy to John W. Rutledge. Immediately upon obtaining the interest of the ten heirs, including that of R. *D.* Rutledge, John W. Rutledge ·went into possession of the property and lived upon it with his ·mother and sister, the other two heirs, until January 26, 1904, ·when he deeded all his interest to J. F. Millstead. The deed made to John W. Rutledge was not recorded until March 3, 1902. On the same date Mattie L. Rutledge, the remaining ·child whose interest he had not acquired up to that time, also ·made a deed to John W. Rutledge of her interest in·the land. Mrs. Eliza Rutledge, the wife of R. A. Rutledge, deceased, and mother of all the other heirs, made a deed to J. F. Millstead of her interest in the land on January 18, 1905, so that ·on January 18, 1905, J. F. Millstead had acquired the inter-·est of all the heirs and was the owner in fee simple of all the property. On October 10, 1892, in the federal district court held at Aberdeen, the Allen-West Commission Company re-·covered a judgment against R. *H.* Rutledge for about $9,000. This judgment against R. *H.* Rutledge was enrolled on the judgment roll of the circuit court of Monroe county, Miss., wherein is situated this land, on October 15, 1892.

It is contended that this judgment against R. *H.* Rutledge was a mistake, and that, while R. *H.* Rutledge was the name under which it was enrolled and in which it was rendered, in truth and in fact the judgment was against R. *D.* Rutledge; but the judgment itself does not so state, nor does the enrollment of the same disclose this fact in the office of the circuit clerk of Monroe county. This judgment against R. *H.* Rutledge and the enrollment of same were five years before the deed of R. *D.* Rutledge and others to John W. Rutledge. It is not shown that at

the time John W. Rutledge bought this property in 1897 from R. *D.* Rutledge and the other heirs he had notice of any claim or judgment held by the appellant against R. *D.* Rutledge. He was bound, of course, to have such notice as was conveyed to him by the record, but the record only showed that there was a judgment entered against R. *H.* Rutledge and enrolled against R. *H.* Rutledge. There was no judgment at that time against R. *D.* Rutledge. Therefore, when John W. Rutledge purchased his land and obtained the interest of R. *D.* Rutledge, he was a purchaser in good faith and for value, and obtained a perfectly valid title to all the interest owned by R. *D.* Rutledge at that time. The record did not convey to him knowledge that there was a judgment against R. *D.* Rutledge, or that there was any lien under any judgment against R. *D.* Rutledge. If it is true that the entry of the judgment against R. *H.* Rutledge was a mistake, and that in reality the judgment was against R. *D.* Rutledge, this mistake cannot be corrected except as between the parties and before the rights of innocent third parties have become involved. 23 Cyc., p. 854; 17 Am. & Eng. Ency. of Law (2d ed.), p. 776; Ann. Code 1892, § 756; *Ridgeway, Budd & Co.'s Appeal,* 15 Pa., 177, 53 Am. Dec., 586; *Davis* v. *Steeps,* 87 Wis., 472, 58 N. W., 769, 23 L. R. A., 818, 41 Am. St. Rep., 51.

But it is claimed that this judgment was revived on October 10, 1900, and if by the first judgment a lien was not acquired on this property, by the second judgment the appellants did acquire a lien. The answer to this is that at the time of the rendition of the second judgment it is shown that John W. Rutledge was in actual possession of the property under the unrecorded deed made to him by R. *D.* Rutledge of his interest. This being the case, it was constructive notice to the judgment creditor of his deed, and the judgment creditor under these circumstances only acquired a lien upon the actual interest which R. *D.* Rutledge might have had, and at this time he had parted with all his interest. As to this there is no difference

between a judgment rendered by a federal court and a judgment rendered by a state court.

There are many other questions raised in argument of counsel; but, since this disposes of the case, we do not decide them. It follows that the action of the lower court in sustaining the bill to enjoin appellants from levying an execution on this property was correct, and the decree is affirmed.

*Affirmed.*