MYRTLE STONE *v.* THREEFOOT BROS. & COMPANY.

[54 South. 595.]

1. JUDGMENT LIEN. *Enrollment. Constructive notice. Bona fide purchaser.*

   A *bona fide* purchaser for value without actual notice is entitled to the full protection afforded by the law to such purchaser.

2. SAME.

   The enrollment of a judgment against "the City News Company," composed of L. G. W., is not constructive notice to a third person that L. W. is the same person as L. G. W., and property purchased by the third person from the wife of L. W. after she acquired it from him is not subject to the judgment, the purchaser being a *bona fide* purchaser without notice.

APPEAL from the circuit court of Jones county.

HON. R. L. BULLARD, Judge.

In this case, Threefoot Bros. & Co., had execution levied on property claimed by Mrs. Myrtle Stone. From a judgment denying the claim, Mrs. Myrtle Stone appeals.

The facts are fully stated in the opinion of the court.

*R. E. Halsell,* for appellant.

The execution ought to have been quashed, and the claimant's motion to that effect ought to have been sustained. This enrolled judgment was in favor of Threefoot Brothers & Company against the City News Company, composed of L. G. Weitzel, and has no binding effect on the property of L. Weitzel, and Mrs. Stone, the claimant in this case, is an innocent purchaser of this piano because the judgment against L. G. Weitzel, was no notice to her that the piano, the property originally · of L. Weitzel, was bound by the judgment, she was not supposed to go and inquire if L. G. Weitzel and L. Weitzel were one and the same person. This point has been expressly decided by this court in the early part of the term of 1909.

*Henry Hilbun, Shannon & Street,* and *Deavours & Shands,* for appellee.

· · We contend that it was necessary for Weitzel to have executed a conveyance of this property to his wife and had it recorded as mortgages and deeds of trust are recorded. Section 2522 of the Mississippi Code of 1906 provides that "A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged, and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record, but, to affect third persons, the writing must be filed for record."

The transfer between Weitzel and his wife, not being in writing, was good as between themselves, but void as to all others. *Gregory et al.* v. *Dobbs,* 60 Miss., page 549.

ANDERSON, J., delivered the opinion of the court.

The appellees, Threefoot Bros. & Co., recovered a judgment in the court of a justice of the peace against "the City News Company, composed of L. G. Weitzel," on which execution was issued and levied on a piano as the property of the defendant. The appellant, Mrs. Stone, interposed a claim to the piano. There was a trial before the justice of the peace on an agreed state of facts, and a judgment for. the claimant, from which appellees appealed to the circuit court, where there was a trial and judgment rendered for appellees, from which the appellant prosecutes this appeal.

The judgment in favor of appellees, on which the execution was issued, was duly enrolled against "the City News Company, composed of L. G. Weitzel." The execution was issued by the circuit clerk against "the City News Company, composed of L. G. Weitzel." The appellant claims to have bought the piano from Mrs. Weitzel; the latter's husband having given the instrument to her after he purchased it. The agreed facts, on which the case was tried in the court of the justice of the peace and in the circuit court, are as follows:

"That L. Weitzel bought the piano in dispute, and gave his notes for the purchase money thereof; the seller reserving title until paid for. It is agreed that Mrs. Catherine Weitzel sold the piano to the claimant, Mrs. B. R. Stone, and executed to Mrs. Stone a bill of sale therefor. Mrs. Stone paid Mrs. Weitzel one hundred and fifteen dollars in cash, and executed four promissory notes to Dr. McCormick for ten dollars each, and one note to the Mississippi Drug Company for twenty dollars, which amount Mrs. Weitzel was due each of the respective parties. That twenty dollars has already been paid Dr. McCormick. That Mrs. Stone has paid all of the purchase money on the piano except forty dollars. Mrs. Stone knew nothing, at the time of the purchase

of the piano, that Threefoot Bros. & Co. had any judgment whatever.

"It is further agreed that L. Weitzel was and is the City News Company, the defendant against which Threefoot Bros. & Co. had a judgment. That the Threefoot Bros. & Co. judgment against the City News Company was enrolled at the time that Mrs. Weitzel sold the piano to Mrs. Stone. Mrs. Weitzel claims that L. Weitzel purchased the piano and gave same to her at the time of the purchase, but before it was paid for. There is no writing on record between Weitzel and wife about the piano. That said piano was all the time in Jones county, and that said judgment was enrolled in said Jones county. That said judgment was valid and legal, but rendered after the purchase of the piano. This statement of facts is to be filed in the papers in the case, and is to be testimony in all courts."

It will be seen from the agreed facts that, at the time the appellant purchased the piano from Mrs. Weitzel, she had no actual knowledge of the judgment against Mrs. Weitzel's husband in favor of appellees, and that she was a *bona fide* purchaser of the piano for value without any notice, unless she was affected with constructive notice from the enrollment of the judgment against the husband of Mrs. Weitzel. The agreed facts further show that the real name of Weitzel was L. Weitzel, and not L. G. Weitzel and that in fact L. Weitzel was "the City News Company," and not L. G. Weitzel; also, at the time of the purchase of the piano by the appellant from Mrs. Weitzel, the judgment in favor of appellees was enrolled.

The question to be decided is whether, at the time of her purchase, the appellant had constructive notice of the judgment in favor of the appellees against Weitzel. There is no question of actual notice involved. The agreed facts show that the appellant was a *bona fide* purchaser for value of the piano without actual notice

of the judgment. She is entitled to the full protection afforded by the law to such a purchaser. The case of *Allen-West Commission Co.* v. *Millstead,* 92 Miss. 837, 46 South. 256, 131 Am. St. Rep. 556, is decisive of the question involved for the appellant. The enrollment of appellees' judgment against "the City News Company, composed of L. G. Weitzel," was not constructive notice to the appellant that L. Weitzel was the same person as L. G. Weitzel. Had L. Weitzel owned the piano, and appellant purchased from him, she would have gotten a good title against the judgment, because the enrollment of appellees' judgment did not afford constructive notice that it was against L. Weitzel.

*Reversed, and judgment here for appellant.*