### A. M. KIRBY *v.* BANK OF CARROLLTON.

[59 South. 10.]

MORTGAGES. *Bona fide purchasers. Notice. Possession.*

> Open possession of land under an unrecorded contract of sale, imparts notice to creditors and subsequent purchasers, and gives the same protection as though such contract had been recorded.

APPEAL from the chancery court of Carroll county.
Hon. J. M. McCOOL, Chancellor.

Suit by the Bank of Carrollton against A. M. Kirby. From a decree for complainant, defendant appeals.

On December 18, 1896, J. L. Henderson, who was a son-in-law of appellant, Kirby, purchased from one Ricketts the land in controversy. The appellant claims that this land was purchased by Henderson, for Henderson and Kirby jointly, and that in pursuance of their verbal agreement he (Kirby) on January 1, 1897, having already moved on the land, paid to Henderson the sum of five hundred and seventy-five dollars for a half interest in the land. At the time this payment was made, Henderson executed to Kirby a receipt for the money, acknowledging that it was in payment for a half interest in the land. Kirby moved upon the land prior to January 1, 1897, and continued to live upon it. He claims that he occupied it as a homestead, claiming a half interest therein, though the record title was in Henderson. On Jan-

uary 10, 1898, Henderson executed a deed of trust to
the Bank of Carrollton to secure a loan of one thousand
dollars; the bank claiming not to have notice of Kirby's
rights to the property.  On June 29, 1899, Henderson
executed and delivered to Kirby a deed conveying to him
an undivided one-half interest in the land in considera-
tion of five hundred and seventy-five dollars, and the deed
was recorded December 31, 1900. There were several re-
newals of the deed of trust after the execution and re-
cordation of the deed from Henderson to Kirby.  After-
wards, on December 5, 1908, Henderson having died, the
bank instituted a suit in chancery to enforce its last deed
of trust, but failed to make Kirby a party to the suit,
which resulted in a decree in favor of the bank enforcing
its last deed of trust against Henderson, and the land
was ordered sold by a commissioner of the court, and
at the foreclosure sale the bank became the purchaser.
The sale was confirmed ,and deed executed by the master
under direction of the court.

The instant suit was brought June 24, 1909, to cancel
Kirby's claim of title to the land, and to confirm the title
of the bank.  Kirby, the defendant, answered, setting up
his ownership of a one-half interest of the land by virtue
of the purchase money paid to Henderson as shown by
his receipt, and by his continued, open, adverse posses-
sion for more than ten years before the bringing of this
suit.

*Coleman & McClurg,* for appellant.

Appellant went into the possession of the land in con-
troversy, moving his family there as his homestead about
December 23, 1906, after paying one-half of the purchase
price of the entire tract, for which he received a receipt
from Henderson, to whom Ricketts made the deed, show-
ing the payment of that sum, for a one-half interest in
the land, and which receipt coupled with his possession
was notice to the world of his title, and said possession
continuing for ten years under this claim of title entitles

him to hold it as against appellee, or any other person. That possession is notice of title, and puts all parties upon inquiry, is fundamental law in this state. 57 Miss. 544; 74 Miss. 748; 92 Miss. 837; 93 Miss. 107; and then away back to Smedes and Marshalls and on up. We call the attention of the court especially to 57 Miss. 544, so analogous that it should be conclusive of this case in favor of appellant. It seems that the chancellor in decreeing as he did, has ignored the statute laws of the state as to the limitation of ten years, as well as the fundamental law above shown, running backward from the cases cited to the reports of Smedes and Marshall, and probably anterior to them.

*R. H. Thompson,* for appellant.

The general rule is that possession of land by one in occupancy of it claiming an interest therein, is notice to the world of his right therein, whatever it may be, and puts subsequent purchasers and creditors upon inquiry. This has been the law of Mississippi, at least, since the decision in *Dixon* v. *Doe,* 1 Smed. & M. 70, decided in 1843, and the general rule is well supported by many subsequent cases, several of them being cited by the court in the opinion heretofore rendered in this case.

*Mayes & Longstreet,* for appellee.

We do not question the ordinary doctrine frequently applied in this court, and by other courts, and cited by the chief justice in the opinion heretofore rendered in this case, but this doctrine is not universally applicable. This court itself has expressly declared. See *Taylor* v. *Mosely,* 57 Miss. 547, that (after stating the rule):

"There are some exceptions to the rule as thus stated."

We insist upon the fact, therefore, so expressly asserted by this court, that this rule is not without its exceptions; and we insist that this case falls within the exception.

Now, what is the rule? Nowhere is it better stated

than by Judge CAMPBELL, in the opinion cited above; and he puts it as follows:

"The doctrine is firmly established in this state, and elsewhere, that open, notorious and exclusive possession of real estate under an apparent claim of ownership, is notice to those who subsequently deal with the title of whatever interest the one in .possession has in the fee; whether such interest be legal or equitable in its nature."

This statement is in full accord with the authorities on the subject. See the extremely elaborate and exhaustive note in 13 L. R. A. (N. S.) 49, the said note running through ninety pages.

The court will mark the expression, in order that this occupation shall have the effect indicated, there are certain necessary elements in that occupation. It must be open, notorious and exclusive, whereas, in the case at bar, the occupation was neither open, notorious nor exclusive.

From the foregoing case note, and the authorities in our own state, it appears that in order that this doctrine shall operate, it is not sufficient that the claimant shall go into possession of the land in one apparent capacity, and then change the nature of his ownership while in possession by a secret conveyance or construction. The rule only applies in those cases where the claimant takes possession under his contract, and the possession so taken is open, notorious and exclusive.

In the case at bar, Kirby did not take possession under his unrecorded deed; and the testimony makes it more than doubtful whether he ever had that celebrated receipt, which was written on the letter head of a business instituted more than a year after the .time when it is dated.

We shall now briefly review our own authorities on the subject.

First, as to the cases cited by this honorable court in its opinion:

*Railroad Co.* v. *Sanders,* 93 Miss. 109: Here it was expressly conceded that since the contract was not recorded, it gave no constructive notice, even when coupled with possession; but it was held that the possession and use put the purchaser on inquiry, etc. In this case, however, the railroad company took possession, and had built its spur under the contract. It did not take possession, and then afterwards undertake to change the nature of its title by a change of the recorded contract.

*Bolton* v. *Roebuck,* 77 Miss. 710, here also, the purchaser took possession under his contract, and he had so held it for nine years.

*Strickland* v. *Kirk,* 51 Miss. 795, is in the same attitude, and the vendee had so held possession for four years.

*Taylor* v. *Lowenstein,* 50 Miss. 278, is in the same attitude, and the vendee has so held possession for a year.

In *Dixon* v. *La Coste,* 1 S. & M. 70, the attitude was the same; and the vendee had been in possession for eighteen months before the plaintiff in execution recovered judgment; and the plaintiff in execution had actual knowledge of the deed before he recovered judgment. The court says that the possession "being a substitute for livery of seisin" (p. 107), referring, of course, to possession taken under the deed.

In *Bell* v. *Flaherty,* 45 Miss. 694, the attitude was the same, and the vendee had been in possession ten months before the judgment.

In *Wilty* v. *Hightower,* 6 S. & M. 345; in *Taylor* v. *Eckford,* 11 S. & M. 21; in *Jones* v. *Loggins,* 37 Miss. 546; in *Whitfield* v. *Harris,* 48 Miss. 710; in *Taylor* v. *Mosely,* 57 Miss. 541; in *Stovall* v. *Judah,* 74 Miss., the attitude was the same.

Now consider the express declaration of this court in respect to the character of the circumstances which, in the case of an unrecorded instrument, affects a purchaser with notice.

In *Clairborne* v. *Holmes,* 51 Miss. 141, it was expressly declared that:

"Where the evidence, as in this case, is to fix the notice inferentially, the circumstances ought to be positive, distinct and emphatic. The notice must be clearly proved."

And then the court proceeds to consider the nature of the possession of Mrs. Dunbar of the Mount Vernon plantation, and declares that her possession in the year 1859 could only be notice of her title as a tenant.

To a similar effect is the case of *Louchridge* v. *Bowland,* 52 Miss. 546.

Consult also 13 L. R. A. (N. S.), quoted above, on page 86, title "Necessity of change of possession."

*Hughston & McEachern* and *T. O. Yewell,* for appellee.

Mere possession of property is not notice of title. It takes something more. The possession must be open, notorious and exclusive. *L. & N. R. R. Co.* v. *Land Improvement Co.,* 82 Miss. 180; *Taylor* v. *Mosely,* 57 Miss. 544; *Stovall* v. *Juda,* 74 Miss. 747. On examination of the cases cited in brief of counsel for appellant, it will be seen (1) 57 Miss. 544, that the complainant had "exclusive dominion and control" of the land; page 546. (2) 74 Miss. 747, that Henry Stovall's possession was "continuous, open and exclusive;" page 754. (3) 92 Miss. 837, that the facts show J. W. Rutledge was in exclusive possession of the property and that at the time a valid judgment was obtained against R. D. Rutledge he had no interest whatever, in the property. (4) 93 Miss. 107, that the railroad company had been in the exclusive possession of the spur tract under and by virtue of its contract. Can it be contended in this case, that appellant was in open, notorious and "exclusive" adverse possession of the land in controversy? Referring to appellant's cross bill it will be seen that Henderson, appellee's vendor, was in possession of more than half of the property all the time, and referring to appellant's testimony, it is seen that Henderson had tenants on the place all the time. How then could appellant's possession have

been exclusive? "Mixed possession is not enough to warrant the disturbance of the recorded rights of innocent purchasers for value," 82 Miss. 180. 2 Pomeroy's Equity Jurisprudence (2 Ed.), sec. 620.

Appellant insists that he was in possession and that the bank should have made inquiry, when according to his own statement of this case he and Henderson were tenants in common of the property and if that were true, his possession would be the possession of Henderson. The possession of one tenant in common is the possession of all. *Jonas* v. *Flanniken,* 69 Miss. 577; *Bentley* v. *Executor,* 79 Miss. 302.

The testimony develops that the bank did have some actual knowledge of who was in possession of this property before the loan was made and that Henderson was found in possession using the property as pasturage for his estate, etc. See Nelson's testimony; and this is also borne out by appellant's testimony. By reference to cross bill, it will be seen that appellant claims that Henderson was in possession of this property all the time and by reference to his testimony that Henderson had cattle on the place at the very time he alleges he had the settlement with him and took the receipt and that Henderson continued to keep cattle there and had possession of more of the property than appellant.

MAYES, C. J., delivered the opinion of the court.

Kirby was not made a party to the foreclosure proceedings instituted by the bank for the purpose of having the property in question sold under the trust deed executed to it by L. J. Henderson. As Kirby was not made a party, he is, of course, not affected by that suit. At the time the bank acquired its interest in the land from L. J. Henderson, it is beyond dispute that A. M. Kirby was in possession of the land, holding a written contract from Henderson, showing that he had paid for and owned one-half interest in the property. The con-

tract which Kirby held was in form a receipt, showing that he had paid Henderson five hundred and seventy-five dollars for a half interest in the place, and the receipt further recited that A. M. Kirby then resided on the property. This receipt further specifically described the land by metes and bounds. As Kirby was in possession of the property under this contract, it was notice to the world of his rights and equities, and the interest of the bank, acquired in the land through Henderson, is subordinate to the interest which Kirby had in the same property. This is the law as declared by every decision rendered by the court where the question was involved. *Taylor* v. *Lowenstein,* 50 Miss. 278; *Strickland* v. *Kirk,* 51 Miss. 795; *I. C. Railroad Co.* v. *Sanders,* 93 Miss. 107, 46 South. 241; *Bolton* v. *Roebuck,* 77 Miss. 710, 27 South. 630; *Allen, etc.,* v. *Milstead,* 92 Miss. 837, 46 South. 256, 131 Am. St. Rep. 556.

*Reversed and remanded.*
*Suggestion of error filed and overruled.*