Hayes *et al.* *v.* Holman *et al.*

(Division B. Dec. 5, 1932.)

[144 So. 690. No. 30249.]

**Stone & Stone,** of Coffeeville, for appellants.

**Jno. M. Kuykendall,** of Charleston, and **Longstreet Heiskell,** of Memphis, Tenn., for appellees.

Argued orally by **W. I. Stone**, for appellant, and by **Longstreet Heiskell** and **Jno. M. Kuykendall,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

W. W. Hayes died in Tallahatchie county, Mississippi, in November, 1918, and on November 25, 1918, A. J. Johnson was appointed administrator of his estate, and gave bond with personal sureties. Hayes left a widow, Bennie Hayes (now Bennie Hayes Holman), and two children, Ura Lee Hayes and Arie Burness Hayes, being then about nine and seven years old, respectively. At the time this suit was filed, Ura Lee Hayes had just attained her majority, and Arie Burness Hayes was nineteen years of age.

The petition for A. J. Johnson to be appointed administrator was signed by Bennie Hayes, the widow, and in this petition the assets of the estate were estimated to be worth about sixty thousand dollars. A. J. Johnson filed an inventory showing the debts owing to the deceased by various persons named therein aggregating sixteen thousand, eight hundred ninety-five dollars and

ninety-three cents, and personal property, goods, and chattels belonging to the deceased aggregating twenty-six thousand, four hundred seventy dollars.

On February 21, 1919, the chancery court entered an order authorizing A. J. Johnson, administrator, to farm and cultivate the land belonging to W. W. Hayes, the deceased, for the year 1919, and directing that the proceeds arising from the cultivation of said lands should be applied to the payment of debts; and on the same day entered another order allowing said A. J. Johnson to borrow on his open note as administrator sufficient funds to liquidate the debt due the People's Bank, secured by deed of trust; said amount being stated in the petition for authority to borrow the money as being twelve thousand dollars. In the petition it was also recited that it had been impossible to realize on personal property sufficient money to liquidate said debt, and that the bank would foreclose its deed of trust if the debt was not paid. The same day A. J. Johnson applied for permission to sell certain cotton then in his hands belonging to the estate for the purpose of applying the proceeds to the debt due by said estate, which the court allowed.

A. J. Johnson died in September, 1919, never having filed any account as administrator, and none has yet been filed by his estate.

On October 7, 1919, Bennie Hayes (now Bennie Hayes Holman) was appointed administratrix de bonis non, took the oath required by law, and filed bond with the National Surety Company in the sum of thirty thousand dollars. She never filed any inventory or account, except one, on April 26, 1920, when she filed an annual account showing various sums paid to various parties, some of which were probated, and some were not probated; the total payments being shown as being nineteen thousand, seven hundred seventy-eight dollars and fifty-eight cents. She charged herself with various items had on behalf of the estate totaling twenty thousand,

seven dollars and twenty-six cents. She paid out, as shown by her vouchers, the sum of nineteen thousand, seven hundred seventy-eight dollars and fifty-eight cents, which leaves a balance, when taken from twenty thousand, seven dollars and twenty-six cents, of two hundred twenty-nine dollars and fifty-eight cents.

Subsequent to her grant of letters of administration of the estate, Bennie Hayes married one Isaiah Holman, a negro minister of the gospel, and continued to operate the property owned by her first husband. She had filed no inventory and no final account as stated, and never secured permission from the court, as administratrix, to operate the farm. Indeed, it is shown that after filing the one account above referred to, she failed to take any notice of her duties as administratrix de bonis non.

There are a number of proceedings shown in the record apart from the administration, one of which was by the brothers and sisters of the decedent, W. W. Hayes, seeking to set aside and rescind certain contracts by which W. W. Hayes acquired a portion of his plantation from his brothers and sisters prior to his death, and an accounting for rents and profits. The chancery court sustained this proceeding and partitioned the property between the complainants and the heirs of W. W. Hayes, deceased. There was also paid, apparently out of the estate funds of W. W. Hayes, certain attorney's fees in the partition proceeding.

The chancery clerk was introduced as a witness, and testified that there were no records showing any accounting by Bennie Hayes Holman, other than the account above referred to; no inventory, and no order of the chancery court allowing her to operate the farm, as administratrix de bonis non. Bennie Hayes Holman did not appear and answer the bill filed against her by her children, but permitted a decree pro confesso to be taken against her.

The surety company filed an answer contesting the account against itself; but the surety company did not ask the court to compel Bennie Hayes Holman to appear and answer the allegations of the bill, nor did it ask that she be cited to file an inventory and a final account showing what she had received and what she had disbursed in her capacity as administratrix de bonis non.

Neither of the parties to the suit sought to have the executor or administrator of the estate of A. J. Johnson, deceased, file a final account showing what property he had received and administered, and what debts he had paid.

At the conclusion of the case, the chancery court rendered a judgment against the National Surety Company for the balance shown by the annual account filed by Bennie Hayes Holman, administratrix de bonis non, with interest. From that judgment this appeal is prosecuted by the complainants, Ura Lee Hayes et al.

We are unable to approve what was done in this case by the chancellor. We think the chancellor should have required Bennie Hayes Holman to come into court personally and answer the bill under oath, and to file a complete inventory of the estate, and account for the items which came into her hands.

We also think the court should have directed that the administrator or executor of A. J. Johnson be required to file a report of the receipts and disbursements as administrator.

It is true that the administratrix de bonis non is only liable for the unadministered assets of the estate coming into her hands, or which she should have received, but not for that administered by her predecessor; but she should have filed a final account, and have it approved by the chancery court.

Section 1632, Code 1930, provides that if any executor or administrator shall die, resign, or become incompetent, letters of administration de bonis non with the will

annexed shall be granted to the person entitled, and he shall proceed in the administration of the estate. And the executor of an executor shall not be entitled, in right of his office, to administration de bonis non on the first estate, but such executor, or administrator of an executor, shall settle the accounts of his testator or intestate in the administration of the first estate, and, for that purpose, shall be amenable to the jurisdiction of the court.

Section 1633, Code 1930, defines the rights of the administrator de bonis non. Under this section, every administrator de bonis non shall be entitled to all choses in action, and may institute suit therefor, and, if necessary, enjoin the former executor or administrator from collecting the same.

The court is under duty to see that administrators executors, and guardians account to the courts as required by law, and guardians of minors should see that estates in which minors are interested are properly administered, and funds due minors promptly turned over to them, or to their proper guardians, and that such guardians shall conform to the requirements of law in the management of minors' estates.

The condition of an administrator's bond is that if the maker faithfully discharges all the duties required of him, then the obligation shall be void; otherwise it shall remain in full force and effect. The surety company in making this bond for the administration of the estate in the case at bar is under the duty to see that the administratrix performs these duties.

The chancery court, apart from any initiation by other persons, should see that executors and administrators make proper reports to the court as required by law, and strictly account for the funds coming into their hands, in the manner required by law. The chancery court is not merely the arbiter between persons, but is under duty to see that estates are properly administered and finally wound up, and the funds turned over to the proper par-

ties. At least one chancellor, and probably others, does issue instructions to the chancery clerks and to executors and administrators and guardians with reference to their duties, calling attention to the statutory requirements.

We think the chancellors, at each term of their courts, should inquire into the condition of all estates therein being administered, and to have those charged with administration of such estates, if they be in default at any term, properly served with process to make proper accounting to the court.

It is often necessary for the chancery court itself to assert its authority for the protection of those whose rights are being handled by executors, or administrators or guardians.

It seems inexcusable for any court to let an estate lie inactive during so long a period of time as that shown in this record. Different men have exercised the office of chancellor in this district during this period, and no one, perhaps is entirely responsible for all the conditions of neglect shown here.

We think justice requires all estates being administered in the chancery court to be administered without unreasonable delay, and that the court itself should keep a watchful eye over such matters to see that there is no unreasonable delay, and that all accounts be filed while it is possible to get all the facts bearing on the matter before the court.

We therefore reverse the judgment of the chancery court, and remand the cause, with directions to have the administratrix de bonis non brought into court and compelled to answer, and also directing that a final account be required of the executor or administrator of A. J. Johnson, and that they be made, if necessary, parties to this bill in order that complete justice may be done.

Reversed and remanded.