HAYES et al. v. FIRST JOINT STOCK LAND BANK et al.

(Division B. Jan. 27, 1936.)

[165 So. 605. No. 32049.]

Stone & Stone, of Coffeeville, for appellants.

J. J. Breland, R. L. Cannon and L. Q. Strong, all of Sumner, Shands, Elmore, Hallam & Causey, of Cleveland, and Roberson, Cook & Luckett, and Brewer & Montgomery, all of Clarksdale, for appellee.

Roberson, Cook & Luckett, of Clarksdale, for appellee, I. Frank.

Argued orally by **W. I. Stone**, for appellant, and by **J. J. Breland, E. L. Brewer** and **Lake Roberson**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

This is the third appearance of this case in this court. The report of the first appeal is found in Hayes v. Holman, 165 Miss. 494, 144 So. 690; and the second in Hayes v. National Surety Company, 169 Miss. 676, 153 So. 515. From the opinions in those two reports the details of the facts may be extracted, which, when taken with the additional facts developed on the third hearing and which we shall herein state, will reveal the setting of the two points which we shall decide at this time, and the only two points which are necessary now to determine.

When the pleadings were reformed and additional parties were brought in as directed by us upon the first appeal, the complainants did not bring in as parties those who had theretofore become the purchasers of the lands of Albert Johnson, deceased, from his heirs at law, al-

though it now appears that all the lands of Albert Johnson, inherited by his heirs, had been, for valuable considerations, conveyed away by them previously to the institution of the suit by complainants. But when the case had been heard the second time by the trial court and complainants had obtained a decree therein, the complainants thereafter, and while the cause was pending on appeal, filed a petition by way of enforcement of said decree against all those who had purchased the Albert Johnson lands from his heirs as aforesaid, and these purchasers are the appellees in the present appeal.

Following the rendition by us of the opinion with directions on the second appeal, the complainants proceeded to a hearing on their aforementioned petition for enforcement; and all the said purchasers of said land having answered the petition, the purchasers proceeded to prove definitely and dependably that Albert Johnson, during his administration, had paid off two valid mortgages given by complainants' decedent during his lifetime and duly of record and which amounted to more in the aggregate than the sum adjudged against the estate of Albert Johnson on the second appeal, and for which no credit was allowed the Johnson estate on that appeal for want of definite or dependable proof in respect to said payments. On the proof being made as aforesaid on the present record, the chancellor dismissed the petition against the said purchasers, and complainants now appeal from that decree.

It is the main contention of appellants that the said purchasers are in privity with the heirs of Albert Johnson and that the decree on the second appeal to which said heirs were parties is conclusive against said purchasers, although the purchasers were not actual parties to the cause in which said decree was rendered. In this connection it must be remembered that appellees were purchasers ante litem motam and for valuable considerations. They were not gratuitous donees nor purchasers

pendente lite. They were therefore not bound by a decree rendered in a suit to which they were not parties at the time of the rendition of the decree. "There is no better established principle in our jurisprudence than this: that no man shall be affected by a suit and decree to which he was neither party nor privy and of which he had no legal notice. And it must not be overlooked that a party who is substantially affected by the execution of a decree is as much within the rule as if he were directly named and condemned in the decree itself." Griffith Miss. Chancery Practice, sec. 110. And it is also well settled that for the purpose of the application of the rule of res adjudicata to persons because of their privity with parties to a suit, it must appear that the estate or interest sought to be affected was acquired from or through such actual party or parties after the litigation. If the estate or interest was acquired from an actual party prior to the litigation, the purchaser for value, unless also a party, will not be bound by the judgment or decree. Gerber Co. v. Thompson, 84 W. Va. 721, 100 S. E. 733, 7 A. L. R. 730. The latter principle has often been recognized in this state, as, for instance, in those cases holding that a purchaser ante litem motam from a mortgagor is a necessary party to the foreclosure of the mortgage, and, unless made a party, is not affected by the decree, and likewise in cases of the foreclosure of vendor's liens. Rowe v. Beers, 59 Miss. 371; Kirby v. Bank, 102 Miss. 190, 59 So. 10; Mullins v. Sparks, 43 Miss. 129, and many others.

The two mortgages now proved to have been paid in full and canceled and discharged by Albert Johnson during his administration, and for which for want of definite or dependable proof his estate received no credit in the former hearings, were: (1) A mortgage or deed of trust to the Peoples Bank for eleven thousand five hundred dollars, which mortgage covered four hundred forty acres of the land of complainants' decedent and all his

mules and horses and farming implements and tools and all his crops for that year. The property covered was worth considerably more at the time than the amount of the mortgage. The debt was past due and the mortgagee was demanding payment. A foreclosure would have swept away the greater part of the body of the property which Johnson as administrator was operating under an order of the court duly made and entered authorizing him to cultivate the said lands. (2) A deed of trust or mortgage to A. W. Whatley for ten thousand eight hundred fifty dollars on the remaining eighty acres of the land of complainants' decedent, worth considerably more at the time than the amount of said mortgage, and which lands the administrator, Johnson, was also cultivating under the aforesaid order of the court. This mortgage was past due and had been placed in the hands of an attorney for foreclosure when Johnson paid it in full. By reason of these payments the estate was preserved by Johnson to complainants and they with their mother were enabled thereby to retain the said lands and to use and enjoy the occupancy thereof for several succeeding years, and they derived therefrom divers sums thereafter in the process of the conveyances of their title thereto.

The appellants have contended that the mortgage debts aforesaid were not probated, and hence Johnson would be entitled to no credit for said payments. Whatever result this fact may have produced as to other creditors of the Hayes estate, we are not called upon here to decide or discuss; but, as to these complainants, the heirs at law of Hayes, and to whose benefit as aforesaid the payments made by Johnson in the discharge of said mortgages directly inured, we are satisfied to apply the doctrine of subrogation in behalf of the estate of Johnson as contended for by appellees and in support of which they cite such cases as Roberts v. Rogers, 28 Miss. 152, 61 Am. Dec. 542; Woods v. Ridley, 27 Miss. 119; Stern

v. Hampton, 73 Miss. 555, 19 So. 300. We think that a recent pronouncement by this court covers the point now in hand more fully, and we quote from the opinion in Love v. Robinson, 161 Miss. 585, at pages 591, 592, 137 So. 499, 500, 78 A. L. R. 608: ''Without going further or undertaking to define the line of demarcation, it is sufficient for the purposes of this case to refer to the subsidiary principle, which the distinct trend of the reported cases has established, that one who has an active interest or concern in the nature of a definite managerial responsibility in respect to the payment of enforceable demands against an estate in hand, and who, although under no legal or moral obligation personally to pay, nevertheless in the actual and beneficial interest of the estate being administered does so pay, and thereby takes care of obligations which rest upon another or others, the said payer may be entitled to the benefit of subrogation, provided no option or privilege of the person primarily or actually liable is thereby intercepted, or abridged or substantially altered. The above subsidiary principle is illustrated by the holdings, upon which the courts are generally agreed, that an administrator or executor or active trustee in an express trust who personally pays the incontestible debts against the trust estate may be subrogated so as to stand in the rights of the creditors whose debts or securities were thus paid. In such cases the manager-trustee does not officiously intrude himself as an intermeddler. On the contrary, he has acted toward the ends which his official duties require ultimately to be accomplished through his management, and in thus advancing the interests of the estate, he does nothing which adversely affects the rights or privileges of those in respect to whom he has acted.''

Whether the decree directed by us to be entered under the opinion in Hayes v. National Surety Company, supra, is the precise decree that was entered thereafter by the trial court, which when so precisely done will be con-

clusive upon all who were actual parties to the litigation when that direction was given, and whether the complainants have any other or further rights enforceable against others than the present appellees, we do not decide or consider. We deal only with the two questions above discussed, finding them sufficient to dispose of the present appeal, and for the affirmance of the particular decree here brought under review.

Affirmed.