SEALE et al. v. EASTERLING.

(In Banc. March 27, 1944. Suggestion of Error Overruled April 24, 1944.)

[17 So. (2d) 324. No. 35580.]

**Jeff Collins,** of Laurel, for appellants.

498

A. S. Scott, of Laurel, for appellee.

500

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree overruling a demurrer to a bill of complaint. It appears in substance from the bill of complaint and the exhibits thereto that in February, 1936, Nelia Rayford Thomas, the then owner of the N. W. ¼ of the S. W. ¼, Section 2, Township 9, Range 14, and her husband, Jim Thomas, executed and delivered to the appellee a deed of trust thereon to secure the payment of a promissory note from them to the appellee, due on January 1, 1937. On February 16, 1940, while this promissory note remained due and unpaid, the Thomases executed and delivered to the appellant a warranty deed to the land, the consideration therefor being ''One Hundred and No/100 Dollars, cash and the assumption of certain indebtedness due the Federal Land Bank of New Orleans, Louisiana.'' On the day of its execution, this deed was filed with the chancery clerk and duly recorded in the record of deeds. In April, 1940, the appellee exhibited an original bill of complaint against the two Thomases only, praying for a foreclosure of the deed of trust executed by them to him. On August 6, 1940, a decree was rendered in accordance with the prayer of the bill under which the land was sold by a commissioner appointed for that purpose and purchased by the appellee; the commissioner's deed to the appellee thereto being confirmed by the chancellor on the 14th of June, 1941. In August, 1943, the appellee's bill of complaint now under consideration was filed against the appellant setting up the foregoing facts and charging that the appellant's deed to this land was executed pursuant to a scheme entered into by him with the Thomases ''to injure and defraud complainant'' when all of them well knew that the Thomases had executed and delivered to the appellee

a deed of trust on the land to secure the payment of a debt which then remained unpaid. The prayer of the bill is for the cancellation of the appellant's deed to the land and for the awarding to the appellee compensation from the appellant for the use by him of the land.

The Thomases had the right to convey this land to the appellant, and the deed thereto vested the appellant with the title to the land, subject to the lien of the appellee's deed of trust. The appellee had the right to foreclose this deed of trust in a way that would vest the purchaser at the sale of the land under the foreclosure with title to the property freed from the appellant's claim thereto. This, however, the appellee did not do. In order for the appellant to be in any way affected by the foreclosure of the deed of trust in the suit in equity instituted by the appellee therefor, the appellant should have been made a party defendant thereto. Not having been made such a party, his title to the land remains unaffected by the decree there rendered. In other words, he holds the land subject to the lien, if any, of the appellee's deed of trust, the existence vel non of such a lien not being now before us. Griffith's Chancery Practice, sec. 117; 42 C. J. 49; 3 Jones on Mortgages, sec. 1793; Rowe v. Beers, 59 Miss. 371. The demurrer to the bill of complaint should have been sustained.