## ATKIN v. BAIER et al.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1926.)

No. 4735.

1. Principal and agent ☞34—Power of attorney to sell real estate held not coupled with interest, and revocable at will of donors.

A power of attorney authorizing an agent to sell and convey real estate, and to retain a part of the proceeds but by which he did not obligate himself to exercise the power, was not a power coupled with an interest, and was revocable at the will of the donors.

2. Principal and agent ☞37—Execution and recording by the donors of formal revocation of power of attorney to sell land and conveyance of the land, before exercise of the power, held effective revocation.

Where the donors of a power of attorney to sell land, before the exercise of the power, executed and recorded a formal revocation, and also sold and conveyed the land to another, either of such acts was an effective revocation.

3. Judgment ☞682(1)—Decree against former owners of land, in suit brought after their conveyance, not binding on grantee, not a party.

A decree against former owners of land, in a suit brought by them to quiet title, after they had sold and conveyed the land, is not binding on the grantee, who was not a party.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit in equity by Scott M. Atkin against Nathan H. Baier and others. From a decree dismissing the bill on motion, complainant appeals. Affirmed.

See, also, 6 F.(2d) 674.

George P. Garrett, of Orlando, Fla., P. A. Vans Agnew, of Winter Park, Fla., and William M. Toomer, of Jacksonville, Fla., for appellant.

J. T. G. Crawford, of Jacksonville, Fla., and F. T. Fancher, of West Palm Beach, Fla. (Robinson, Fancher & Southard, of West Palm Beach, Fla., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellant filed a bill in equity, and prayed for a decree adjudging that he had an interest in a tract of land, the legal title to which he alleged was in appellees. The District Court, without requiring appellees to answer, sustained a motion to dismiss the bill.

The question to be determined on this appeal, therefore, is whether, accepting the

averments of the bill as true, appellant has any interest in the land which it is the duty of a court of equity to protect. The bill contains averments to the following effect:

In March, 1922, Anna T. Welch and C. A. Welch, her husband, owners of an undivided half interest, and I. W. Weishuhn, owner of the other undivided half interest, in a tract of land having an ocean frontage in Palm Beach county, Fla., entered into separate contracts in writing with appellant, Scott M. Atkin. Each contract recited that Atkin was desirous of subdividing, developing, and selling the land, and contained a power of attorney authorizing him to make deeds to purchasers. The Welch contract provided that the owners should receive $15,000, and divide equally with Atkin any additional profits over and above that amount; that Atkin should have complete management and control of the property, and receive 10 per cent. of the proceeds of any sales. The Weishuhn contract provided that Weishuhn should receive $10,000 in the event his half interest should be sold within one year, or $15,000 if it should be sold after the expiration of one year, and that any balance should become due and payable five years after date. Atkin was to have the exclusive right to sell.

The contracts were recorded in April, 1922. But during the same month the owners, Mrs. Welch and her husband and Weishuhn, executed and recorded formal revocations and joined in a suit to cancel the contracts. In November, 1922, they sold and conveyed the property by warranty deed to one F. W. Sadler, from whom by mesne conveyance appellees acquired title. On February 14, 1923, Anna T. Welch and her husband filed a bill in the state court against Atkin to quiet title. That suit went to a final decree and resulted in the dismissal of the bill.

The bill in this case does not make the Welches and Weishuhn parties defendant, but it alleges that appellees acquired their title with notice and knowledge of appellant's interest.

[1, 2] Appellant did not obligate himself to do anything, but it was optional with him whether he would subdivide, develop, or sell the land. He had a power of attorney, which it cannot be doubted was revoked, if it was subject to revocation. The authority of an agent depends upon the will of the principal. Any act of the latter inconsistent with the continuation of the agency effectually puts an end to it. Either the formal revocation of record or the sale of the property was an act inconsistent with the continued existence of the agency. 2 C. J. 544; 1 Mechem on Agency, §§ 563, 619. This suit is sought to be maintained on the theory that appellant's power of attorney to sell was "coupled with an interest," and therefore was irrevocable. But appellant had no interest in the property. His only interest was in the exercise of the power to sell. Under the rule laid down in Hunt v. Rousmanier, 8 Wheat. 174, 5 L. Ed. 589, the power conferred upon him was subject to revocation. In Taylor v. Burns, 203 U. S. 120, 27 S. Ct. 40, 51 L. Ed. 116, a contract which is not distinguishable in principle from the contracts here involved was held by the Supreme Court to be revocable.

[3] It is suggested that the decree in the state court in the suit of Welch v. Atkin is res judicata. Assuming, without deciding, that Mrs. Welch and her husband, who are not parties to this suit, were bound, the suit in the state court was brought after Sadler, predecessor in title of appellees, became the owner of the property. Appellees were not parties, and they cannot be held as privies, because they claim under a title acquired before the suit in the state court was instituted. Dull v. Blackman, 169 U. S. 243, 18 S. Ct. 333, 42 L. Ed. 733.

The decree is affirmed.