Dietsch, Appellant, v. Long et al., Appellees.

(No. 439—Decided May 23, 1942.)

Mr. *Donald A. Dietsch*, for appellant.

Mr. *Aubrey R. Moul* and Mr. *Reed B. Dunn*, for appellees.

GUERNSEY, J. This is an appeal upon questions of law and fact from a judgment of the Common Pleas Court of Hancock county, Ohio, in an action originating therein. The appellant, Thomas A. Dietsch, was plaintiff, and the appellees, May A. Long, John C. McAnelly, Lois Roberts, Thomas H. McAnelly, and Reed Dunn, trustee of the estate of Hattie L. Heininger, were defendants. The case was tried *de novo* in this court upon the petition of the plaintiff; the answer and cross-petition thereto of the defendants, May A Long, John C. McAnelly, Lois Roberts and Thomas H. McAnelly; the answer and cross-petition of the defendant, Reed Dunn, trustee of the estate of Hattie L Heininger, deceased; the amended reply of plaintiff to the answer and cross-petition of May A. Long, John C. McAnelly, Lois Roberts and Thomas H. McAnelly; and the evidence.

In his petition the plaintiff alleges that he has a legal right to and is seized in fee simple of an undivided one-fifth part of certain real estate described therein; and that the defendants, May A. Long, John C. McAnelly,

Lois Roberts and Thomas H. McAnelly, are tenants in common with the plaintiff in such real estate, each owning and being seized in fee simple of an undivided one-fifth part.

He further alleges that he derived title to the one-fifth part of such premises by deed of conveyance from Roller C. McAnelly, executed under date of July 27, 1938, which deed is recorded in the office of the record- er of Hancock county, Ohio, under date of July 27, 1938, in deed record, volume 202 at page 149.

He further alleges that Roller C. McAnelly and the defendants, mentioned aforesaid, derived their respec- tive titles by virtue of the terms of the will of Moses McAnelly, deceased, which was admitted to probate by the Probate Court of Hancock county, Ohio, under date of January 22, 1922, and is recorded in will record, volume 16 at page 321, in the Probate Court.

He further alleges that the estate of Moses Mc- Anelly, deceased, has been fully administered, all the debts, claims and taxes have been fully paid, the estate settled and final account approved according to law, and that the Probate Court issued a certificate of transfer transferring the legal title as aforesaid un- der date of March 2, 1931, which certificate was filed under date of March 21, 1931, in the recorder's office of such county and was recorded in volume 182, at page 522, of the deed records of the county, the pertinent part of the will of Moses McAnelly being as follows:

"Item III. The real estate at number 841 Wash- ington Avenue in the city of Findlay, Hancock county, Ohio, the same being the home in which I now reside, I give and devise to my beloved wife, Phebe McAnelly for and during her natural life and at the death of my said wife Phebe McAnelly, I give and devise the said real estate to my children, to wit: John C. McAnelly, May A. Long, Thomas H. McAnelly, Roller C. Mc- Anelly and Lois Roberts and their heirs and assigns

forever, share and share alike."

He further alleges that Phebe McAnelly, widow of Moses McAnelly, who was given a life interest by the terms of the will, died during the year 1931.

He further alleges that he is informed and believes that the defendant Reed Dunn, trustee, is, by assignment or purchase, the owner of a note of $800 secured by mortgage against the property described; that the note and mortgage were executed by John C. McAnelly, May A. Long, Roller C. McAnelly, Lois Roberts and Thomas H. McAnelly and their respective wives and husbands, under date of July 5, 1934, such note and mortgage having originally been payable to E. L. Groves, guardian; and that the mortgage is recorded in the mortgage records of Hancock county, Ohio, in volume 130, page 633.

Plaintiff further alleges that he is entitled to an accounting in his favor for the one-fifth rental value of the property from the date he acquired title, to wit, July 27, 1938, and that an average and reasonable rental value of the property has been $35 per month during the period from July 27, 1938.

Plaintiff prays that a partition of the real property described in his petition may be made under the direction of the court among the parties according to their respective rights and interests therein, or in case a partition of the premises cannot be made without manifest injury to the value thereof, then and in that event that the premises may be sold according to law; that the court protect the interests of the defendant, Reed Dunn, trustee; that an accounting of the rental value of his one-fifth share of the property, during the period of his ownership, be made in favor of the plaintiff; and that he be granted such other and further relief as may be equitable and proper.

In their answer and cross-petition to the petition, the defendants, May A. Long, John C. McAnelly, Lois

Roberts and Thomas H. McAnelly, admit that the ownership, by plaintiff and the answering defendants of the real estate described in the petition, is in the proportions therein alleged; that plaintiff derived his title by virtue of a deed from Roller C. McAnelly, as alleged in the petition; that the answering defendants and Roller C. McAnelly derived their legal title under the will of Moses McAnelly, as plaintiff alleges; that a certificate of transfer was issued and filed as alleged by plaintiff; that Phebe McAnelly is dead, having died on December 26, 1931; and that the mortgage on the premises was executed and delivered as alleged in the petition.

In their answer and cross-petition, they allege that the legal interest of plaintiff in the premises described in the petition is subject to the right of contribution and accounting between the parties in the particulars hereinafter set forth; that the deed under which plaintiff derived his title from Roller C. McAnelly is a quitclaim deed and conveyed to plaintiff only such interest as Roller C. McAnelly had in the premises, if any; that no rents have been received from the premises, but, during all the times complained of, plaintiff's predecessor in title, Roller C. McAnelly, was in possession and control of the premises along with his sister, the defendant May A. Long, under a family arrangement whereby no rental was to be paid by either of them until a sale of the premises could be had; that Roller C. McAnelly remained in possession of the premises until his death on April 27, 1941, a few days before the filing of plaintiff's petition and long after plaintiff's deed was filed; that the deed from Roller C. McAnelly to the plaintiff of his undivided one-fifth interest in the premises did not represent a sale for a valuable consideration, but was taken as additional security or in settlement of an antecedent debt originally due the plaintiff's daughter, Mildred K. Dietsch, on a

note for $559, dated November 1, 1930, which was transferred to plaintiff under a family arrangement, the exact nature of which the answering defendants are not advised; and that, during all the times complained of, plaintiff and his daughter knew of the financial condition of Roller C. McAnelly and of his indebtedness to the estate of Moses McAnelly and Phebe McAnelly and the answering defendants, and knew that Roller C. McAnelly and the defendant, May A. Long, were in the possession of the premises sought to be partitioned.

Further answering the defendants deny all of the other allegations of the petition.

By way of cross-petition they allege:

That Moses McAnelly died January 10, 1922, whereupon Roller C. McAnelly was appointed executor of his estate by the Probate Court of Hancock county, Ohio; that, on May 23, 1931, the court found the amount of inheritance tax due from such estate to be $50.49 with interest at eight per cent from January 10, 1923; and that, although the executor had funds of the estate in his hands with which to pay the same, this amount has not been paid and is a lien on the premises described in plaintiff's petition, and should be paid out of the proceeds of plaintiff's interest in the real estate.

After the death of Moses McAnelly and Phebe McAnelly the estates of both of them were by all the heirs treated as one estate. The interest of Roller C. McAnelly was heavily incumbered by judgment liens and the entire interest of Phebe McAnelly was also involved in such judgments by reason of the fact that she, as surety, had signed the notes upon which the judgments were taken. Such judgments were in favor of The Buckeye Commercial Savings Bank of Findlay and various other persons, exhausted the entire interest of Roller C. McAnelly in the estates, and also constituted a charge on the interest of the answering

defendants in such estates by reason of the suretyship aforesaid.

In order to make a settlement with the judgment creditors of Roller C. McAnelly, all his interest in both estates was segregated and loans secured on the farm lands belonging to the estate of Phebe McAnelly and also on the real estate described in the petition, which is a part of the estate of Moses McAnelly, and the funds thus secured were used in the settlement of such indebtedness. In securing the loan on the premises described in the petition, the entire interest of Roller C. McAnelly in the premises was estimated and agreed upon between all of the heirs and Roller C. McAnelly, as $600, and this amount, under the agreement, was to extinguish all his interest in the premises described in plaintiff's petition. The proceeds of such loan, now held by Reed B. Dunn, trustee, to the extent of $600, was for the sole use and benefit of Roller C. McAnelly and was to apply upon his debts as aforesaid. The answering defendants signed the note and, along with their spouses, the mortgage as surety for Roller C. McAnelly to the extent of $600; and, by reason of these facts, defendants are entitled to have $600 of the principal sum of the mortgage indebtedness charged against and paid out of plaintiff's interest in the real estate in exoneration of their rights in the premises.

The answering defendants have paid by way of interest on the mortgage indebtedness described in the petition, the sum of $312, and no part thereof was paid by plaintiff or the heir under whom he claims, and they further allege that they paid taxes on the premises described in the petition, in the sum of $711.98, and that no part thereof was paid by plaintiff or any person for him.

They have made necessary repairs on the premises in the amount of $45.88 and no part thereof was paid by the plaintiff or any person for him.

They have paid for insurance on the premises the sum of $37.20 and no part thereof was paid by plaintiff or any person for him.

The answering defendants ask that the sum of $50.49, with interest at eight per cent from January 10, 1923, assessed as inheritance taxes upon the estate of Moses McAnelly, be declared a lien on the interest in the premises now owned by plaintiff, and be paid out of the proceeds of sale thereof; that plaintiff's interest in such premises should also be charged with $600 of such indebtedness by way of mortgage now held by the defendant, Reed B. Dunn, trustee, in exoneration of the answering defendants; that the share of plaintiff in such premises should be charged with one-fifth of the sum of $711.98, the taxes paid by the answering defendants; that such interest of plaintiff in such premises be further charged with one-fifth of the sum of $45.88 paid by the answering defendants for repairs on said premises, and one-fifth of $37.20 paid by defendants as insurance on said premises; that partition be made accordingly; and that such other relief may be granted as equity may require.

In his answer and cross-petition, the defendant, Reed B. Dunn, trustee of the estate of Hattie L. Heininger, pleads the execution and delivery, to E. L. Groves, guardian, of the note and mortgage referred to in the petition and the answer and cross-petition of the other defendants; the transfer by mesne assignments to him in his capacity as trustee of the estate of Hattie L. Heininger of the note and mortgage referred to in the petition and the answer and cross-petition of the other defendants; the payment of interest on such note to January 5, 1941, in the aggregate sum of $312 and that there is now due and payable to him, as such trustee, on such note the sum of $800 with interest from the 5th day of January, 1941, at six per cent per annum, payable semi-annually. He also alleges the

conditions of the mortgage, that the same have been broken, and that such mortgage has become absolute, and prays for judgment against the defendants, May A. Long, John C. McAnelly, Lois Roberts and Thomas H. McAnelly, in the sum of $800 with interest at six per cent from January 5, 1941, and that such mortgage be foreclosed and the premises sold and the proceeds of sale applied toward the payment of the judgment.

In the amended reply of the plaintiff to the answer and cross-petition of May A. Long, Lois Roberts, John C. McAnelly and Thomas H. McAnelly, he denies each and every allegation contained in such answer and cross-petition except insofar as the same are admissions of the allegations of his petition.

He alleges that the execution of the deed by Roller C. McAnelly, under date of July 27, 1938, was in consideration of a judgment of $847.89, including interest to that date, which Roller C. McAnelly owed plaintiff at the time of the execution of the deed to plaintiff, mentioned in the petition.

He further alleges that the inheritance taxes against the estate of Moses McAnelly, referred to in the answer and cross-petition of the defendants other than Reed B. Dunn, trustee, and amounting to $50.49, were assessed against the estate by reason of the succession of Phebe McAnelly, widow, and were not assessed by reason of any interest of Roller C. McAnelly in the estate.

He further alleges:

Lois Roberts, as administratrix of the estate of Phebe McAnelly, deceased, filed her final account under date of August 11, 1934, in the Probate Court of Hancock county. The $600 of the proceeds of the mortgage loan, referred to in the petition and the answer and cross-petition, represented the contribution by the heirs of Phebe McAnelly toward the payment of funeral bills, doctor bills, insurance bills and administration bills

of such estate. No part thereof was used or applied to the payment of any debt of Roller C. McAnelly. The answering defendants did not sign such note and mortgage as surety for Roller C. McAnelly.

The estate of Phebe McAnelly was indebted to judgment creditors in the principal sum of $18,598.63, and for additional claims, allowed by Lois Roberts, administratrix, of $1641.14, making a total of $20,239.77. Phebe McAnelly owed all this money as primary obligor and not as surety. Her estate was insolvent.

For the purpose of securing funds with which to compromise, settle and adjust the judgment debts and other debts of such estate, Lois Roberts procured the other heirs of Phebe McAnelly, deceased, including Roller C. McAnelly, to deed to her in fee simple their respective interests in 181.53 acres of land of the property of such estate, and, under date of December 5, 1933, made application for a loan to her on such real estate, to The Federal Land Bank, and agreed with the then judgment creditors that they could prorate the entire amount obtainable by a loan if they would release their judgments against Phebe McAnelly instead of forcing sale of the property, and the then judgment creditors agreed to accept the net amount obtainable from the loan to satisfy the judgments.

The Federal Land Bank on this application agreed to make a loan of $7500. This amount was insufficient for the purpose mentioned, so it became necessary for her to obtain $800 from a source other than the Federal Land Bank to pay certain claims which were liens on such real estate. She then obtained this sum through the note and mortgage given to E. L. Groves, guardian, now owned by the defendant, Reed B. Dunn, trustee, by procuring the other heirs of Moses McAnelly, including Roller C. McAnelly, to join with her in the execution of the note and mortgage.

When the Federal Land Bank was about to make the loan of $7500 to Lois Roberts on said tract of 181.53 acres, the plaintiff obtained a judgment in the sum of $715 against Roller C. McAnelly, in the Court of Common Pleas of Hancock county, under date of July 17, 1935, and, in order to enable Lois Roberts to secure a loan of this amount, the plaintiff agreed to and made partial release of the 181.53 acres which inured to the benefit of the defendant, Lois Roberts, and enabled her to go through with the loan and obtain title to the 181.53 acres of land aforesaid, whereby she acquired an immediate equity in such 181.53 acres of the value of $4500.

The $312 interest paid on said mortgage indebtedness was paid from the income Lois Roberts received from the 181.53 acres of land to which Roller C. McAnelly, as the equitable owner of the undivided one-fifth of said real estate, was entitled.

Roller C. McAnelly was merely an accommodation signer of the original obligation held by Reed B. Dunn, trustee, and the four answering defendants equitably owe the principal and interest now due on such obligation, and equitably owed the interest paid thereon.

The taxes in the sum of $711.98, the repairs in the sum of $45.88, and the insurance in the sum of $37.20 paid on such premises were paid out of the income of the 181.53 acres, one-fifth of which Roller C. McAnelly was equitably entitled to, and by reason thereof the answering defendants are not entitled to exoneration as against the plaintiff for the payment of such taxes, repairs and insurance.

In his amended reply the plaintiff renews the prayer of his petition.

From the evidence, we find that the pertinent part of the quitclaim deed under which plaintiff derived his title, reads as follows:

"Know all men by these presents, that Roller C. Mc-Anelly, an unmarried man, the grantor, for the consideration of ($1.00) one dollar, and other valuable considerations received to his full satisfaction of Thomas A. Dietsch the grantee, do hereby remise, release and forever quit claim to the said Thomas A. Dietsch his heirs and assigns forever, the following described real estate, situate in the city of Findlay in the county of Hancock and state of Ohio, to wit: The undivided one-fifth (1/5th) part of lot number fifteen hundred thirty one (1531) in the Gage and Carlin's Addition to the said city of Findlay, Ohio; and all the estate, right, title and interest of the said grantor in and to said premises; to have and to hold the same, with all the privileges and appurtenances thereunto belonging, to the said grantee his heirs and assigns **forever.**"

The deed is dated and recorded as alleged in the petition.

Plaintiff received the conveyance by Roller C. Mc-Anelly to him in satisfaction of the judgment he had against Roller C. McAnelly which constituted a lien on the premises conveyed and which is in the amount and of the date, and upon which there was then due the amount, alleged in the pleadings.

At the time plaintiff received such conveyance he had no notice or knowledge of any fact or of any equities existing between the respective cotenants of the premises described in the petition, affecting the title of Roller C. McAnelly to the premises, other than the facts shown by the public records which are as alleged in the petition and in the answer and cross-petition of the defendant, Reed B. Dunn, trustee.

In the transfer records, in the office of the auditor of such county, which are kept for purposes of taxation only and do not constitute records of title, all the real estate described in the petition appears under the designation "Phebe McAnelly Life Estate."

The quitclaim deed to plaintiff bears indorsements showing the time of filing, the time of recording, and the volume and page of record, and a further notation, "Not necessary, Entered for Transfer, July 27, 1938."

Roller McAnelly and the defendant, May A. Long, occupied the premises described in the petition without payment of rent, under a family arrangement prior to the execution and delivery of the deed by Roller C. McAnelly to the plaintiff, and continued to occupy the premises without payment of rent until the death of Roller C. McAnelly on April 27, 1941, and the defendant, May A. Long, has continued, from such date until the present time, to occupy such premises without paying any rent therefor.

The reasonable rental value of said premises is $35 per month.

The defendants, although charged with constructive notice of the record thereof, did not actually learn of the conveyance by Roller C. McAnelly to the plaintiff of his interest in the premises until after the death of Roller C. McAnelly.

The life estate of Phebe McAnelly therein was terminated by her death on December 26, 1931.

A portion of the estate of Phebe McAnelly consisted of tracts of land aggregating 181.53 acres.

There were a number of judgments and other claims for which the estate was liable, the aggregate of the same being more than the value of all the property of such estate, as shown by the inventory. Certain of the judgments for which the estate was liable and which constituted liens on such 181.53 acre tract were against Phebe McAnelly and Roller C. McAnelly, and exceeded $10,000 in amount.

In order to raise money to compromise and settle these judgments and other claims for which the estate was liable, the heirs of Phebe McAnelly, consisting of

Roller C. McAnelly and all the defendants in this action other than Reed B. Dunn, trustee, agreed to and did convey their respective interests in such 181.53 acres to the defendant, Lois Roberts, so that she could in her own name secure a loan on same from The Federal Land Bank and use the proceeds to settle and compromise the claims against the estate, it being understood and agreed by the parties to the agreement that the conveyance by Roller C. McAnelly should have the effect of divesting him of all right, title or interest, legal or equitable, in such real estate, for the benefit of the other parties thereto. The heirs then agreed to secure an additional loan in the sum of $800 on the real estate described in the petition, for this purpose.

As a part of this agreement Roller C. McAnelly agreed with the other parties thereto that the value of his interest in such real estate should be considered and treated as being applied for the use and benefit of the other parties thereto, to the payment of the indebtedness of such estate. For this purpose the value of his interest therein was appraised at $600, and various judgment creditors of Roller C. McAnelly released such real estate from the operation of their judgment liens in order to enable the heirs to procure such loan. The loan was secured from E. L. Groves, guardian, on such real estate, in the sum of $800 for which the heirs executed their note and mortgage to E. L. Groves, guardian, as alleged in the petition, and the answer and cross-petition of the defendant, Reed B. Dunn, trustee. Reed B. Dunn, trustee of the estate of Hattie L. Heininger, is now the owner and holder of such note and mortgage.

The sum of $600 of the amount secured on such loan was delivered by the heirs, to Lois Roberts, administratrix of the estate of Phebe McAnelly, for use, and

was used by her, in paying certain debts, and compensation of the administratrix, which constituted the liens on the estate of Phebe McAnelly. The sum of $200 of the amount secured by said loan was delivered to Lois Roberts and used by her in paying the expenses incident to carrying on farming operations on said 181.53 acre tract.

Lois Roberts then secured the loan which The Federal Land Bank had agreed to grant to her on said 181.53 acres of land, and used the proceeds thereof to compromise and settle certain judgments which constituted liens on such estate, including the judgments aggregating in excess of $10,000 which were recovered against Phebe McAnelly and the said Roller C. McAnelly. For the purpose of enabling Lois Roberts to close this loan the plaintiff without receiving any consideration therefor executed a release of his judgment lien, which was inferior to the other judgment liens, upon the premises mortgaged to The Federal Land Bank.

The payment of the judgments, upon which Roller C. McAnelly was liable with Phebe McAnelly, with the proceeds of the land bank mortgage loan, and his moral obligation to the other heirs, to reimburse them for the loss to their inheritance occasioned by the payment of his obligations out of the proceeds of the estate, constituted the consideration for the conveyance and agreements by him hereinbefore mentioned.

Lois Roberts, after the transaction above mentioned, proceeded to farm such land and, with the income derived therefrom, paid interest on the mortgage indebtedness on the real estate described in the petition, in the sum of $312; taxes on the land described in the petition, in the sum of $711.98; repairs on the premises in the sum of $45.88; and insurance premiums for insurance on the premises in the sum of $37.20.

The plaintiff has made no payments of interest, taxes, repairs or insurance on such premises and has not reimbursed Lois Roberts for any of the payments made by her for such purpose.

The sum of $192 of the interest paid was paid prior to the execution of the deed, from Roller C. McAnelly to the plaintiff, of the undivided one-fifth interest in such premises, and $120 of such interest was paid after such date.

It does not appear from the evidence at what times the other payments for taxes, insurance and repairs on the premises were made by Lois Roberts.

Lois Roberts has also paid the mortgage indebtedness to the Federal Land Bank on the 181.53 acre tract, with the income produced from such farm and the proceeds from a sale of a portion of such premises, and now holds title to the balance free from liens and incumbrances, such balance being worth in excess of $4,500.

There is due to Reed B. Dunn, trustee of the estate of Hattie L. Heininger, upon the note secured by mortgage upon the premises described in the petition, the sum of $800 with interest at 6 per cent from the 5th day of January, 1941, which he is entitled to recover from the defendants, May A. Long, John C. McAnelly, Lois Roberts and Thomas H. McAnelly, and which constitutes a lien on such premises. The condition of such mortgage has been broken and Reed B. Dunn, trustee as aforesaid, is entitled to have the same foreclosed.

On May 23, 1931, the Probate Court of Hancock county found the amount of inheritance taxes due from the estate of Moses McAnelly to be in the sum of $50.49 with interest at eight per cent from January 10, 1923, the assessment being on account of the succession of Phebe McAnelly in such estate. This amount

has not been paid and constitutes a lien on the real estate described in the petition. It does not appear from the evidence that Roller C. McAnelly, as executor of such estate, at any time, had funds in his hands with which to pay the same.

As Roller C. McAnelly, under his agreements with the other heirs of Phebe McAnelly, and his conveyance to Lois Roberts, entirely divested himself of all interest in the 181.53 acres of land, he was not entitled to any part of the income derived by Lois Roberts therefrom, and Roller C. McAnelly not being so entitled, plaintiff is not entitled to any credit by reason of the interest, taxes, repairs and insurance paid by Lois Roberts from such income.

For the same reason, Roller C. McAnelly was not entitled to any account of the income from such 181.53 acres or to any equity in any part thereof or in the proceeds thereof, and the plaintiff, therefore, is not entitled to have such income, land or the proceeds thereof considered in determining the rights and equities of the parties to this action.

Under his agreements with the other heirs of Moses McAnelly and Phebe McAnelly, parties to this action, Roller C. McAnelly, if he were asking for partition of the premises as owner of the interest therein he conveyed to plaintiff, would be required to exonerate his cotenants, defendants, by having charged against his interest in the real estate, $600 of the principal on the mortgage indebtedness and three-fourths of the interest accruing upon the whole of such mortgage indebtedness. 4 Pomeroy's Equity Jurisprudence (4 Ed.), 3361, Section 1417. And without regard to such agreements his interest in such real estate would also be charged for the benefit of his cotenants, with one-fifth of the taxes, repairs and insurance paid by his cotenants on account of such premises, and one-fifth of

the amount of the inheritance tax, with interest thereon, which is a lien on the premises.

Unless plaintiff has the status of a *bona fide* purchaser for a valuable consideration and without notice, of the interest in the premises conveyed to him by Roller C. McAnelly, his interest therein is subject to the same charges it would have been subject to under the ownership of Roller C. McAnelly. 27 Ruling Case Law, 686, Section 451.

We shall therefore consider whether plaintiff is a *bona fide* purchaser for a valuable consideration and without notice, of the interest in the premises now owned by him, the three essentials of a *bona fide* purchase being the absence of notice, the presence of a valuable consideration, and the presence of good faith. 2 Pomeroy's Equity Jurisprudence (4 Ed.), 1525, 1526, Section 745.

As hereinbefore found, plaintiff, at the time he received his conveyance, had no notice or knowledge of any fact or of any equities existing between the parties affecting the title of Roller C. McAnelly to the undivided one-fifth of such premises other than the facts shown by the public records.

While plaintiff was charged with notice of the occupation of the premises by Roller C. McAnelly and May Long at the time of the conveyance to him, such notice would relate only to such equities as May Long as a cotenant might have in the title to such premises by reason of her possession with Roller C. McAnelly, another cotenant of the premises, and would not constitute notice of the equities existing between the cotenants by reason of the various transactions between themselves as above mentioned, not appearing of record.

The will record in the Probate Court and the transfer certificate recorded in the recorder's office showed title in Roller C. McAnelly in that part of the premises

conveyed by him, and the mortgage record in the recorder's office showed that the whole of such premises, of which the property transferred was a part, was subject to the mortgage indebtedness now held by Reed B. Dunn, trustee.

The records of the Probate Court showed that such premises were subject to a lien for the payment of the amount, with interest, assessed as an inheritance tax against the estate of Moses McAnelly.

The transfer record in the auditor's office and the notation "Transfer unnecessary" on plaintiff's recorded deed did not in any way reflect on the title to the premises, as they were entries made for the purpose of taxation only.

And there is nothing in any of the records above referred to from which notice or knowledge of the equities of the cotenants of Roller C. McAnelly may be inferred which would entitle them to exoneration or accounting against Roller C. McAnelly arising from their cotenancy in such real estate, or from the mortgage indebtedness thereon.

Consequently if the plaintiff had notice or knowledge of such equities or acquired title subject to them, it must be by virtue of the provisions of the quitclaim deed from Roller C. McAnelly to him.

It will be noted from the findings, that the deed purports to be made for a valuable consideration and prescribes that the grantor remises, releases and forever quitclaims to the grantee the undivided one-fifth part of lot 1531 in Gage and Carlin's Addition to the city of Findlay, Ohio, and all right, title and interest of the grantor in and to such premises, and its operation is not limited to the estate, right, title and interest of the grantor in the premises.

As above stated, the record showed that the grantor was the owner of the real estate conveyed by him.

It is definitely established by the decisions of the courts of Ohio that a quitclaim deed passes the grantor's title as effectually as a deed of warranty containing full covenants. 13 Ohio Jurisprudence, 827, Section 10.

An amplification of this rule appears in 23 Ruling Case Law, 242, Section 106, as follows:

"There is some conflict among the authorities as to whether the grantee in a quitclaim deed is a purchaser in good faith or whether the nature of conveyance charges him with notice of prior opposing equities. The rule supported by the better reason is that the holder of a quitclaim deed is entitled to the same protection as one under a deed of bargain and sale or containing covenants of warranty."

We approve the last quoted sentence as a correct statement of the law. Notes: 29 L. R. A., 33, 37; 44 A. L. R., 1266. Cases of *United States* v. *California & Oregon Land Co.*, 148 U. S., 31, 37 L. Ed., 354, 13 S. Ct., 458; *Eger* v. *Brown*, 77 Kan., 510, 94 P., 803, 15 L. R. A. (N. S.), 459.

The above rule has been almost universally applied in cases where the quitclaim deed purports to convey the real estate itself as distinguished from the right, title and interest of the grantor in the real estate. 29 L. R. A., 37.

We do not consider the decision in the case of *Cook et al., Exrs.,* v. *Dinsmore,* 5 C. C., 385, 3 C. D., 189, 29 L. R. A., 46, at variance with this holding, as the quitclaim deed involved in that case is stated in the opinion as having been "the narrowest kind of a quit-claim deed," wherein "the grantor simply conveys his legal estate." From this it would appear that the grantor did not purport to convey the real estate itself but simply the right, title and interest of such grantor in the real estate, which of course would be subject to out-

standing and adverse interests and equities shown by the record or which were discoverable by the exercise of reasonable diligence in making proper examinations and inquiries.

We accordingly hold that the deed under which plaintiff holds was not of such character as to charge him with notice of the equities, existing between his grantor and the other cotenants of the premises, sought to be asserted by them against the plaintiff, and that he did not otherwise have notice of such equities.

We come then to the question of whether the consideration passing from plaintiff to his grantor Roller C. McAnelly for such purchase constituted a valuable consideration, the consideration for such purchase being, as heretofore found, the satisfaction and discharge of a judgment debt owing by the grantor to the grantee.

In 2 Pomeroy's Equity Jurisprudence (4 Ed.), 1534, Section 749, the following statement, applicable to this question, appears:

"Whether the complete satisfaction or discharge or the definite forbearance of an antecedent debt, without the surrender or cancellation of any written security by the creditor, will be a valuable consideration is a question to which the courts of different states have given conflicting answers; but the affirmative seems to be supported by the numerical weight of authority."

Finding no Ohio cases reflecting upon this question and being of the opinion that the reasons upon which it is based are sound, we approve the rule established by the numerical weight of authority to the effect that the satisfaction or discharge of an antecedent debt without the surrender or cancellation of any written securities by the creditor constitutes a valuable consideration for the conveyance of real estate, and therefore hold that the consideration passing from plaintiff to his grantor constituted a valuable consideration.

The next question to be determined is whether good faith was present in the transaction.

There is no evidence tending to prove that the plaintiff did not in good faith purchase the interest acquired by him in the premises, and, in the absence of such evidence, he is presumed to be a *bona fide* purchaser.

For the reasons mentioned, plaintiff occupies the status of a purchaser, for a valuable consideration and without notice, of the interest in the premises now owned by him.

There is no statute upon the subject. In the absence of statute a purchaser of real estate who acquires a legal title in good faith for a valuable consideration, without notice of an existing equity, takes the property free from such equity. *Shaker Corlett Land Co.* v. *City of Cleveland,* 139 Ohio St., 536, 41 N. E. (2d), 243.

The fact of his purchase having been *bona fide,* for value and without notice, is a perfect defense in equity to any suit brought by the holder of a prior equitable estate, lien, incumbrance, or other interest, seeking either to establish and enforce his equitable estate, lien, or interest, or to obtain any other relief, with respect thereto, which can be given by a court of equity. 2 Pomeroy's Equity Jurisprudence (4 Ed.), 1584, Section 767.

The fact of plaintiff's purchase having been *bona fide,* for value and without notice, is therefore a perfect defense to the equitable right for exoneration pleaded by the defendants other than Reed B. Dunn, trustee, to have $600 of the principal of the mortgage indebtedness and three-fourths of the interest on the whole of such indebtedness charged against plaintiff's interest in the real estate sought to be partitioned, and is also a perfect defense to the equitable rights of such defendants for an accounting for expenditures by way of interest on such mortgage indebtedness, taxes, re-

pairs and insurance paid by them on account of such premises prior to the time plaintiff acquired his interest therein.

As applied to the equitable claims of the defendants this seems to be a harsh rule, but it must be remembered that such equitable claims do not constitute liens on the premises but only rights to have liens decreed on a cotenant's interest in a partition proceeding for the protection of their respective claims against such cotenant; that each of the defendants, at any time before plaintiff acquired his interest in the premises as a *bona fide* purchaser for value without notice, could have instituted an action in partition and had the interest which the plaintiff afterwards acquired in the real estate subjected to their various equitable claims; and that it was their failure to do so that made it possible for the plaintiff to acquire such interest free from such claims, bringing the case within the general rule that "wherever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it." 21 Corpus Juris, 1170, Section 176.

Notwithstanding that plaintiff is a *bona fide* purchaser for value, without notice, his interest in the real estate is chargeable with one-fifth of any amounts which his cotenant defendants have paid for interest, taxes, repairs and insurance on such premises since he acquired title thereto, one-fifth of unpaid taxes which are a lien on the premises, one-fifth of the amount of the mortgage indebtedness and interest owing thereon, and one-fifth of the inheritance tax assessed against the premises and the interest owing thereon, which, with one-fifth of the costs of this action, should be charged against the proceeds of his interest in the premises.

By reason of the fact that his grantor occupied the premises at the time of the conveyance to him and con-

tinued in the occupation thereof until his death, which occurred a few days before this action was instituted which constituted his first demand for an accounting for rent, plaintiff is not entitled to have the interest of the defendant, May A. Long, in the premises charged with the reasonable value of the rent of the premises, except from the time this action was instituted, and plaintiff's credit by reason of such charge should be limited to one-fifth thereof at the rate of $35 per month, which the court has found is the reasonable value of 'the premises.

Partition of such premises is decreed as prayed for in the petition, and judgment is awarded Reed B. Dunn, trustee of the estate of Hattie L. Heininger, against the defendants, May A. Long, John C. McAnelly, Lois Roberts and Thomas H. McAnelly, for $800 with interest thereon from the 5th day of January, 1941, at the rate of six per cent per annum, on the note set forth in the answer and cross-petition of Reed B. Dunn, trustee, and the mortgage on such premises securing said note is ordered foreclosed and such premises sold, and the interests of the respective cotenants of said premises in the proceeds of the sale charged with the amounts to which they are respectively subject as hereinbefore determined.

Decree may be drawn accordingly.

*Decree accordingly.*

KLINGER, P. J., and CROW, J., concur.

(No. 439—Decided June 9, 1942.)

ON APPLICATION for rehearing.

BY THE COURT. The consideration for the transfer of the real estate in the instant case was the satisfaction

of an indebtedness which at the time was owing by the grantor to the grantee, in the form of a judgment enforceable against property, real or personal or both, owned by him at any time while the judgment would remain unpaid. And there was no proof that the real estate conveyed to plaintiff in satisfaction of the debt due him from the grantor was of a value greater than was the amount due plaintiff on the debt when the conveyance was made. By accepting the real estate in satisfaction of his debt the grantee not only parted with his property which was the debt, but changed his condition in that by a consummation of the transaction he deprived himself of all rights and remedies as to the debt. The persons seeking to impress their claims on the real estate conveyed were not at any time owners of any interest in the real estate conveyed but had only equitable rights for an accounting against the grantor, which, if they had pursued their remedies prior to the transfer, by proper proceedings in equity, they could have had impressed as liens on the real estate conveyed. Hence they were creditors.

In the case of *Carlisle* v. *Wishart,* 11 Ohio, 172, it was held that where a negotiable note has, before it fell due, been transferred in consideration of a pre-existing debt, the maker can not, as against the person receiving it, without notice, take advantage of any equities between himself and the payee.

In the opinion in the case of *Lewis* v. *Anderson,* 20 Ohio St., 281, at page 285, it is stated:

"The rule which favors a *bona fide* purchaser of land, and that which protects the holder of negotiable paper for value before due from infirmities affecting the instrument before it was transferred, are based substantially on the same equitable grounds, and upon the policy of the law, which favors trade and the security of titles, as conducive to the public good."

The case of *Lewis* v. *Anderson, supra,* which the defendants cite as being contrary to the holding of this court in the instant case, simply holds that where there is no consideration for a mortgage of real estate, other than a pre-existing debt of a mortgagor, and the mortgagee is not induced thereby to change his condition in any manner, he cannot be regarded as a purchaser for value, and therefore is not entitled to the protection against prior liens afforded in equity to *bona fide* purchasers, although he had no notice of such liens.

In that case there was no satisfaction of the pre-existing debt or change in position by the creditor, as there was in the instant case, so the holding in that case has no bearing on the question involved in the present case.

The decision in *Eaton & Co.* v. *Davidson,* 46 Ohio St., 355, 21 N. E., 442, which is relied upon by the defendants as establishing a rule contrary to the rule adopted by the court in the instant case, is based solely on the theory that a defrauded vendor of personal property has an equity in the property transferred by him, superior to that of a vendee of his vendee where the sole consideration of the transfer by his vendee to such vendee is a pre-existing debt.

In that case the subject matter of the action was personal property and the complaining party was the owner of the property in controversy which had been obtained from him by fraud, and the defense of *bona fide* purchaser was asserted against him in that capacity, while in the instant case the subject matter is real estate and the parties against whom such defense is asserted at no time had any title to the property in controversy and were simply endeavoring to subject the property after title to it had vested in the grantee, to certain equities which had existed between them and the grantor which by proper proceedings they could

have enforced against the property as against the grantor. The subject matter of the action and the status of the parties in that case is therefore wholly different from the subject matter of the action and the status of the parties in the instant case and consequently the rule established by the decision in that case is inapplicable to the instant case. A valid and subsisting debt is a sufficient consideration for a transfer of property by a debtor to a creditor if the property be taken in discharge of a debt and the property is not greater in value than the amount of the debt when the transfer was made. 36 L. R. A., 348, note b.

*Application denied.*

KLINGER, P. J., CROW and GUERNSEY, JJ., concur.