E. A. WIGHT, Appellant,

v.

R. J. CHANDLER, Appellee.

No. 6030.

United States Court of Appeals
Tenth Circuit.

March 3, 1959.

**250**

Jack D. Emery and Raymond B. Whitaker, Casper, Wyo., for appellant.

E. L. McCrary, Casper, Wyo., for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

E. A. Wight, a citizen of Montana, instituted this action against Carl Drew, a citizen of Canada, Albert J. Jacobs, a citizen of Canada, Elmo C. Ginkel, a citizen of Minnesota, and Albert E. Ginkel, a citizen of Florida. The substance of the cause of action pleaded in the complaint was that on specified dates plaintiff owned in whole or in part three oil and gas leases issued by the United States under the terms of the Mineral Leasing Act of February 25, 1920, as amended, 30 U.S.C.A. § 181 et seq., covering certain described lands in Wyoming; that the leases were denominated Serial Number BLM–A 017074, Buffalo Serial Number 038576, and Wyoming Serial Number 032532, respectively; that plaintiff conveyed by assignment his title in the leasehold estates to parties not having any interest in the action; that in the assignments, he reserved unto himself certain specified overriding royalty interests; that he conveyed by assignment a portion of such overriding royalty interests to the defendant Drew; that the defendant Drew conveyed by assignment to the defendants Elmo C. Ginkel and Albert E. Ginkel, each, a portion of such overriding royalty interest; that the consideration which the defendant Drew paid to plaintiff for the assignments of overriding royalty to him was 86,000 shares of common stock issued by North American Pipeline Producers Co., a corporation organized under the laws of Canada; that the defendant Drew made false and fraudulent statements and representations concerning such stock, including the value thereof; that plaintiff relied and acted upon such statements; and that the stock was valueless. A default judgment was entered in the cause determining and decreeing that the defendants Drew and Jacobs were entitled to no interest in the three leases, and that the title of plaintiff therein be quieted and confirmed as against such defendants. No appeal was taken from such judgment and it became final.

Three days after the entry of the default judgment, an amended complaint was filed in the action in which R. J. Chandler was joined as a party defendant. The material allegations contained in the original complaint were repleaded in the amended complaint. In addition, it was alleged that the defendant Drew assigned to the defendant Chandler one-

half of one percent overriding royalty in the Buffalo Serial Number 038576, lease, and also one-half of one percent overriding royalty in the Wyoming Serial Number 032532 lease. By answer, the defendant Chandler denied the allegations of fraud on the part of the defendant Drew contained in the amended complaint, and pleaded affirmatively that he acquired the overriding royalty interest which the defendant Drew conveyed to him without notice of any claim or right of plaintiff. The cause was tried as between plaintiff and the defendant Chandler. Judgment was entered determining and decreeing that the defendant Chandler was the owner of the overriding royalty interest which the defendant Drew conveyed to him by assignment; that the defendant Chandler was entitled to the benefits flowing from such ownership, as against any claim of plaintiff; and that plaintiff had no legal estate in and to such overriding royalty interest in the leasehold estates, respectively.

█ The validity of the assignment from the defendant Drew to the defendant Chandler is challenged upon the ground that the only consideration which passed to the defendant Drew therefor was the cancellation of a pre-existing debt which had become barred by limitation, and that the cancellation of the debt was not a sufficient consideration for the conveyance of the overriding royalty. The court found that as a consideration for the assignment, the defendant Chandler delivered and surrendered to the defendant Drew a promissory note in the face amount of $6,000 with accrued interest of approximately $3,000 which the defendant Drew had executed and delivered to the mother of the defendant Chandler in 1946; that the note was due and payable on demand; that the mother of the defendant Chandler delivered the note to her son—the defendant Chandler—with the intent that he should be the owner and holder thereof and should collect the same; and that the defendant Chandler surrendered and delivered the note to the defendant Drew as considera-

tion for the assignment of the overriding royalty interest to the defendant Chandler. These findings are sustained by substantial evidence. They do not appear to be plainly erroneous. And therefore they must stand on review. It is the general rule that the intervention of limitation does not extinguish a debt or preclude its enforcement, unless the debtor invokes the defense by pleading it. The debt continues in existence, even though recovery thereon has become barred by limitation. And although there is some contrariety among the cases respecting the question, the rule with which we are in accord is that unless a controlling statute provides otherwise, the cancellation of a pre-existing debt constitutes sufficient consideration for the conveyance of property; and that one who cancels and extinguishes a pre-existing debt as consideration for the conveyance to him of property becomes a purchaser for value. State Bank of St. Louis v. Frame, 112 Mo. 502, 20 S.W. 620; Hallett v. Alexander, 50 Colo. 37, 114 P. 490, 34 L.R.A.,N.S., 328; Noe v. Smith, 67 Okl. 211, 169 P. 1108, L.R.A.1918C, 435; Lee Tire & Rubber Co. v. Gay, 164 Wash. 569, 4 P.2d 503; Sutton v. Ford, 144 Ga. 587, 87 S.E. 799, L.R.A.1918D, 561; Sansom v. Warren, 215 N.C. 432, 2 S.E.2d 459; Orphanoudakis v. Orphanoudakis, 199 Va. 142, 98 S.E.2d 676; Dietsch v. Long, 72 Ohio App. 349, 43 N.E.2d 906.

█ Fraud on the part of the defendant Drew in the procuring of the assignment of the overriding royalty interest was an issue of fact joined between plaintiff and the defendant Chandler. Plaintiff resided at Billings, Montana, and the defendant Drew resided at Calgary, Alberta, Canada. Some time prior to the transaction giving rise to this litigation, the defendant Drew employed plaintiff to acquire for him federal oil and gas leases. The two had transactions preceding this one, such prior transactions consisting of various leasing activities or oil interests. Plaintiff owned the overriding royalty referred to in the amended complaint, and the defendant Drew was vice-president of the North American Pipeline Pro-

ducers Co. and owned stock issued by it. The parties agreed that plaintiff should assign the overriding royalty interests to the defendant Drew and as the consideration therefor the defendant Drew should deliver to plaintiff 86,000 shares of common stock issued by the corporation. The documents were to be exchanged through the medium of a bank in Calgary. Plaintiff caused the assignment of the overriding royalty interests to be placed in the bank and the defendant Drew received it from the bank. But plaintiff—apparently at his own choice—did not receive the stock from the bank. All of the testimony relating to the issue of fraud was given by plaintiff and the defendant Drew. Plaintiff testified in substance that the defendant Drew told him that the stock would go on the market in about thirty days at $1.50 per share; that the company had made arrangements with a broker in New York to put the stock on the market within thirty days at that figure; that the company would be qualified to do business in the United States; that the stock would be traded on the New York stock exchange; that after the original issue was sold at $1.50 a share, another issue would be put on the market at $2 a share and he recommended that plaintiff hold his stock until the second issue came on the market; that the stock passing to plaintiff would have a dollar value of close to $100,000 for the overriding royalty interests. Plaintiff further testified that the value placed on the Manderson royalty was approximately $40,000. And plaintiff further testified that he trusted the defendant Drew and did not investigate the value of the stock at the time of the transaction; that he later learned that the stock was of no value; that the corporation never qualified under the requirement of the Security Exchange Commission; and that none of the stock was ever sold on any recognized stock market. The defendant Drew testified in substance that one J. R. McCreary did the negotiating for him in connection with the transaction; that he did not remember having any conversation with plaintiff respecting the transaction until after it had been closed; that he did not believe that he ever talked with plaintiff about the transfer of the stock prior to the date of the assignment; and that there was no correspondence between the parties relating to it. And he further testified that at the time of the transaction, there was no established price on the royalty; that it was worth what one could sell it for; and that he put no value on the stock at the time he transferred it to plaintiff. The evidence of the two witnesses presented a conflict for the court. Moreover, accepting as true the evidence given by plaintiff, virtually every statement and representation made by the defendant Drew respecting the stock concerned future events as distinguished from facts existing at the time of the making of the statements and representations. Therefore the finding or conclusion of the court in substance that the evidence failed to establish actionable fraud on the part of the defendant Drew cannot be overturned on appeal.

Despite the finding of the court in its consideration of the case as between plaintiff and the defendant Chandler that plaintiff failed to establish fraud on the part of the defendant Drew in the procuring of the assignments of overriding royalty interest, the judgment in favor of the defendant Chandler is challenged upon the ground that the default judgment against the defendant Drew conclusively bound the defendant Chandler because his right was derived solely from the Drew right. It is argued that the judgment against the defendant Drew constituted res judicata as to the defendant Chandler and estopped him from questioning its conclusiveness in respect to the invalidity of the assignments which plaintiff made to the defendant Drew. While making appropriate application of the general principles of res judicata and estoppel by judgment sometimes presents difficulty, the doctrine has been firmly established by repeated adjudications. It is the general

rule that where a second suit between the same parties, or their privies, is on the same cause of action, the final judgment in the prior action is conclusive as to all matters which were actually litigated and as to every issue, claim, or defense which might have been presented. But where the later action is upon a different cause of action, the judgment in the former operates as an estoppel as against the parties, or their privies, only in respect to issues and questions which were actually litigated and determined. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355; Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36; United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182; Happy Elevator No. 2 v. Osage Construction Co., 10 Cir., 209 F.2d 459; First National Bank in Wichita v. Luther, 10 Cir., 217 F.2d 262; Providential Development Co. v. United States Steel Co., 10 Cir., 236 F.2d 277

■■ But in the absence of a controlling statute providing otherwise, the rule of res judicata and that of estoppel by judgment have application only to those who were parties to the earlier action or were in privity with the parties thereto. More than two years prior to the institution of the action, the defendant Drew conveyed by assignment to the defendant Chandler the overriding royalty interest presently in controversy as between plaintiff and the defendant Chandler; and the defendant Chandler has owned such interest ever since. He did not acquire from the defendant Drew any right or interest in the royalty estate after the institution of the action. Having acquired the interest now in controversy prior to the institution of the action and having owned it ever since, he was not in privity with the defendant Drew respecting it at the time of the institution of the action or at any time

later. And he was not joined as a party defendant in the action until after entry of the judgment against the defendant Drew. Therefore the default judgment against the defendant Drew did not operate either as res judicata or estoppel by judgment to foreclose the defendant Chandler from defending his right and title in the overriding royalty estate. Keokuk & Western Railroad Co. v. County Court of Scotland County, 152 U.S. 318, 14 S.Ct. 605, 38 L.Ed. 457; Dull v. Blackman, 169 U.S. 243, 18 S.Ct. 333, 42 L.Ed. 733; Old Colony Trust Co. v. City of Omaha, 230 U.S. 100, 33 S.Ct. 967, 57 L.Ed. 1410; Chase National Bank v. City of Norwalk, 291 U.S. 431, 54 S.Ct. 475, 78 L.Ed. 894; Atkin v. Baier, 5 Cir., 12 F.2d 766, certiorari denied 273 U.S. 716, 47 S.Ct. 108, 71 L.Ed. 855; Blackwell v. McCall, 54 Okl. 96, 153 P. 815; Teisinger v. Hardy, 86 Mont. 180, 282 P. 1050; Holman v. Toten, 54 Cal.App.2d 309, 128 P.2d 808; Stokely v. Conner, 80 Fla. 89, 85 So. 678; Hayes v. First Joint Stock Land Bank, 174 Miss. 880, 165 So. 605; Buie v. Waters, 209 Ga. 608, 74 S.E.2d 883.

■ Finally, it is contended that an affidavit which plaintiff filed in the office of the Bureau of Land Management at Cheyenne, Wyoming, about a month prior to the date of the assignment from the defendant Drew to the defendant Chandler constituted constructive notice to the defendant Chandler of the rights of plaintiff in and to such overriding royalty estate which had been assigned to the defendant Drew. Conceding, without so deciding, that the filing of the affidavit constituted constructive notice of the claim of plaintiff, it is enough to say that since the court found as between plaintiff and the defendant Chandler that the defendant Drew did not commit fraud in the procuring of the assignment of overriding royalty interest to him, and since the court also found that the assignment from the defendant Drew to the defendant Chandler was predicated upon a valuable consideration, the filing of the affidavit did not constitute con-

254

structive notice of any facts which rendered the title of the defendant Chandler voidable upon any ground asserted herein.

The judgment is

Affirmed.